Military pay; correction of military records; disability claim; limitation of actions. — -Plaintiff, a captain in the Beg-ular Army, tendered his resignation for the good of the service on January 19, 1951. The resignation was accepted and plaintiff was separated under other than honorable conditions effective March 5, 1951. Commencing January 10,1960 plaintiff applied for administrative relief, challenging his separation on the basis that he was mentally disabled at the time. In June 1971 the Air Force Board for Correction of Military Becords recommended that plaintiff’s records be corrected to show that on March 5,1951 he was unfit to perform the duties of his office, rank, grade or rating by reason of physical disability, VA Code 9404, rated at 10%, and that *875 he was discharged for physical disability on March 5, 1951 with entitlement to disability severance pay. In December 1972 the Board of Veterans Appeals found that plaintiff had not established entitlement to a starting date for compensation benefits prior to January 10, 1960. In his suit in this court plaintiff claims entitlement to total permanent disability from March 5, 1951. On March 14, 1975 the court issued the following order:
Before davis, Judge, Presiding, skeltoN and kashiwa, Judges.
“This case comes before the court on plaintiff’s motion for summary judgment, filed August 7, 1974, defendant’s cross-motion for summary judgment, filed October 16, 1974, and plaintiff’s motion to transfer Count II of his petition to the District Court, filed August 7, 1974, having been submitted on the briefs and oral argument of counsel. Upon consideration thereof, it is concluded as follows:
“1. Except as indicated in paragraph 2 infra, both parties’ motions for summary judgment are denied without prejudice and the case is returned to the trial division for trial and determination on the following issue only: “Was plaintiff under legal disability, within the meaning of 28 U.S.C. § 2501 (third paragraph), from the time he was released from St. Elizabeths Hospital in 1965 until at least three years prior to the filing of the present suit on December 8, 1973, so that his claim is not barred by limitations?” The trial judge shall make findings of fact on this issue and, if h© deems it appropriate, write an opinion, and then return the case to the court for further proceedings.
“2. Defendant’s motion for summary judgment with respect to plaintiff’s veteran’s compensation is granted with prejudice. Plaintiff’s motion to transfer his claim relating to his national service life insurance policy is held in abeyance pending the outcome of the proceedings on his alleged legal disability.
“it IS SO ORDERED.”
Defendant’s motion for amendment of the foregoing order was denied April 25,1975.