Gregory Joseph BRUNO

v.

The UNITED STATES.

No. 333–76.

United States Court of Claims.

June 15, 1977.

Edward J. Castaing, Jr., New Orleans, La., Atty. of record, for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant.

Before DAVIS, KASHIWA and KUNZIG, Judges.

ON PLAINTIFF'S MOTION FOR SUM-
MARY JUDGMENT AND DEFEND-
ANT'S MOTION TO DISMISS

KUNZIG, Judge:

Plaintiff brings this action (petition filed August 16, 1976) alleging permanent physical disability, seeking to recover severance, retirement, and/or disability pay from the time of his discharge from the United States Navy on February 8, 1952, to the present, and for the remainder of his life. In the alternative, plaintiff suggests that this case falls under this court's continuing claim doctrine (*See, e. g., Barnes v. United States,* 163 Ct.Cl. 321 (1963); *Gordon v. United States,* 134 Ct.Cl. 840, 140 F.Supp. 263 (1956)), and that relief should be granted from six years prior to the date of plaintiff's petition and continuing for the rest of his life.

This case is before the court on defendant's motion to dismiss grounded on the obvious statute of limitations issue. Plaintiff has submitted a motion for summary judgment relying on the continuing claim doctrine.

The defendant must prevail, and the petition be dismissed, as is hereinafter set forth.

28 U.S.C. § 2501 (1970) poses a jurisdictional bar to those cases filed outside of six years from when the claim asserted first accrued. To determine whether this case falls within the time bar, we must briefly examine the facts.

The petition, filed August 16, 1976, alleges that plaintiff served in the United States Navy from 1943 until 1947 when he was honorably discharged; that plaintiff reenlisted in 1949 in the United States Naval Reserve and was called for active duty on August 25, 1950, having been found physically fit for full-time regular active duty with no physical defects noted. Plaintiff was then assigned as a ship's baker with rank of CSR2, and stationed at Yokosuka Naval Base, Japan. On or about October 21, 1950, while moving a table near the galley or kitchen area, the table fell on plaintiff's left leg, seriously injuring him.

Plaintiff was admitted to the sick list on April 6, 1951, and then transferred to the U.S. Navy Hospital, San Diego, California, where, on July 23, 1951, plaintiff's left leg was amputated at the mid-thigh level.

On October 25, 1951, a Physical Evaluation Board (PEB) met and concluded that plaintiff was unfit to perform his duties by reason of a permanent physical disability which was not the proximate result of the performance of active duty. However, on November 19, 1951, the PEB had a rehearing and concluded that plaintiff's permanent disability was the proximate result of the performance of active duty. On December 20, 1951, the PEB again met and reversed the findings and conclusions of the November 19, 1951 PEB—The final decision of the December 20, 1951 PEB was that plaintiff became permanently disabled during his term of service, and that the disability was not the proximate result of the performance of active duty. On February 8, 1952, plaintiff was honorably discharged from the Navy without any severance, retirement or disability pay. Following discharge, plaintiff petitioned the Board for Correction of Naval Records which, on November 19, 1958 and August 21, 1972, refused to grant plaintiff a hearing or to take any action to correct plaintiff's Navy records or to provide any relief to plaintiff.

In opposing the Government's motion to dismiss, that the statute of limitations has run, plaintiff asserts two theories. First, he argues that the 1958 and 1972 considerations by the Correction Board toll the running of the statute of limitations. Second, he argues that the last decision of the PEB was not "final" and that therefore the statute of limitations has not yet begun to run.

■ We first turn to plaintiff's "tolling" argument. In *Friedman v. United States,* 159 Ct.Cl. 1, 310 F.2d 381 (1962), *cert. denied sub nom., Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), this court held that a claim for disability retired pay accrues when the claim is first denied by a Retiring Board; that the statute of limitations is not tolled by a later review by the Correction Board; and that

in disability retirement cases, the claimant's cause of action rests upon the retirement legislation and not upon the Correction Board statute. Post-discharge remedies, such as the Board for Correction of Military Records, are permissive in nature and do not serve to toll the running of the statute of limitations. *Brundage v. United States,* 205 Ct.Cl. 502, 507, 504 F.2d 1382, 1385 (1974), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *Mathis v. United States,* 183 Ct.Cl. 145, 391 F.2d 938 (1968); *Kirk v. United States,* 164 Ct.Cl. 738 (1964); *Lipp v. United States,* 157 Ct.Cl. 197, 199, 301 F.2d 674, 675 (1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). It is thus clear that the statute of limitations was not tolled while plaintiff pursued his 1958 and 1972 Correction Board determinations.

■ We next consider plaintiff's contention that the December 20, 1951 PEB decision was not final. Plaintiff argues that since the defendant reopened plaintiff's medical case twice, "the [PEB's] decision is tentative and invites reopening," and is therefore not a final decision, citing *Friedman, supra,* and *Lipp, supra.* This position is clearly untenable. *Friedman* holds that where the Physical Evaluation Board (PEB) itself suggests in its findings that the decision is tentative, or where the PEB withholds a final decision pending consideration of some new evidence, or expressly invites, on the record, the petitioner seek a reopen-

ing at some later date, then, as a matter of law, the PEB decision is not final and the statute of limitations does not begin to run. Absent such circumstances, the decision is final and the statute of limitations period begins to run.

■ Turning now to plaintiff's motion for summary judgment, plaintiff claims that he satisfies each requirement of 10 U.S.C. § 1201 (1970),[1] as a matter of law. Therefore, argues plaintiff, he is within the folds of the continuing claim doctrine recognized by this court as allowing certain recoveries in spite of the passage of six years time from when the action could first have been brought. *Barnes, supra; Gordon, supra.* In order to establish the existence of a "continuing claim," plaintiff must show that his claim

> is dependent upon his military record and the law, independent of the action of any board or agency. If [plaintiff] has a claim it accrues on each pay period, and, in the event of failure to be paid, a new claim would accrue at each successive pay period. Therefore [a plaintiff is] not barred from claiming for the period of six years prior to the filing of his petition . . . . *Gordon v. United States,* 134 Ct.Cl. 840, 844, 140 F.Supp. 263, 265 (1956).

Therefore, in the context of this case, to recover for the six years preceding plaintiff's petition, he must show that his claim

---

1. "§ 1201. Regulars and members on active duty for more than 30 days: retirement

    Upon a determination by the Secretary concerned that a member of a regular component of the armed forces *entitled to basic pay,* or any other member of the armed forces entitled to basic pay who has been called or ordered to active duty (other than for training under section 270(b) of this title) for a period of more than 30 days, is unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay, the Secretary may retire the member, with retired pay computed under section 1401 of this title, if the Secretary also determines that—

    (1) based upon accepted medical principles, the disability is of a permanent nature;

    (2) the disability is not the result of the member's intentional misconduct or willful neglect,

and was not incurred during a period of unauthorized absence; and

    (3) either—

    (A) the member has at least 20 years of service computed under section 1208 of this title; or

    (B) the disability is at least 30 percent under the standard schedule of rating disabilities in use by the Veterans' Administration at the time of the determination; and either—

    (i) the member has at least eight years of service computed under section 1208 of this title;

    (ii) the disability is the proximate result of performing active duty; or

    (iii) the disability was incurred in line of duty in time of war or national emergency.

    (emphasis added)"

is dependent solely upon his military record and satisfaction of 10 U.S.C. § 1201 (1970), independent of the action of any board or agency.

Yet plaintiff's final Physical Evaluation Board report clearly states:

1. That [Bruno] is UNFIT to perform the duties . . . by reason of PHYS-ICAL DISABILITY, which was incurred while the member was NOT ENTITLED TO RECEIVE BASIC PAY; (capitalization in original)

In the context of the continuing claim doctrine, the mere fact that plaintiff's claim is dependent upon a contrary determination by a "board or agency" (the Physical Evaluation Board), deprives plaintiff's claim of any "continuing claim" status. If this were not enough, the PEB's finding that plaintiff was "not entitled to receive basic pay" precludes him from satisfying the 10 U.S.C. § 1201 requirement of being *entitled* to basic pay. Clearly, plaintiff's claim and motion for summary judgment based on this court's continuing claim doctrine must fail.

In conclusion, it is obvious that under the holdings of this court herein cited, *supra,* plaintiff's cause of action accrued as of February 8, 1952 (his discharge date), and that plaintiff's subsequent applications to the Board for Correction of Naval Records in 1957 and 1972 did not toll the statute of limitations. 28 U.S.C. § 2501. Also, there is no doubt that the December 20, 1951 determination of the PEB was final and not tentative. Further, plaintiff does not show the existence of a continuing claim, having neither satisfied the requirements of 10 U.S.C. § 1201 (1970), nor presented a claim independent of board or agency action.

For the foregoing reasons, and without oral argument, plaintiff's claim, filed in this court more than 24 years after plaintiff's discharge from the Navy, is barred by the statute of limitations. Defendant's motion to dismiss is hereby granted, and plaintiff's motion for summary judgment is hereby denied. The petition is dismissed.