This case comes before us on defendant’s motion to dismiss. Plaintiff has filed no response.
Plaintiff seeks back pay and certain benefits which he alleges were denied him due to the loss or destruction of his military records in 1967. Defendant moves to dismiss plaintiffs claim as barred by the relevant six (6) year statute of limitations. 28 U.S.C. § 2501 (1976).
Our statute of limitations begins to run when all events fixing liability of the United States have occurred. Japanese War Notes Claimants Association v. United States, 178 Ct. Cl. 630, 632, 373 F. 2d 356, 358, cert. denied, 389 U.S. 971 (1967). Plaintiffs petition seeks relief for claims arising in 1967. He did not file suit, however, until February 1, 1978.[1]
The relevant statute of limitations, 28 U.S.C. § 2501 provides:
Every claim on which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
Since plaintiffs Claim accrued more than ten years prior to suit, it is barred by the statute of limitations. Consequently, plaintiffs claim must be dismissed for lack of jurisdiction. Brownfield v. United States, 218 Ct. Cl. 477, 589 F. 2d 1035 (1978); Bruno v. United States, 214 Ct. Cl. 383, 388, 556 F. 2d 1104, 1107 (1977).
Accordingly, upon consideration of the parties’ submissions, but without oral argument, defendant’s motion to dismiss is granted and the petition is dismissed.

 Plaintiff originally filed suit in district court. Since his claim was for more than $10,000.00, the case was transferred to this court.