Military pay; disability retired pay; tolling of limitations by legal disability; prima facie showing required; jurisdiction to remand to board. — On May 16, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
This claim for permanent disability retired pay and a correction of plaintiffs naval records is presented on defendant’s motion to dismiss. Plaintiff, in opposition to the motion, requests a hearing for a determination of plaintiffs possible legal disability under 28 U.S.C. § 2501 (1976) or, in the alternative, a remand to the Board for Correction of Naval Records. Defendant prevails with its defense based on the statute of limitations.
Plaintiff enlisted in the Marine Corps in 1936 and became a noncommissioned officer. On November 1, 1952, plaintiff was placed on the Temporary Disability Retired List with a 30-percent disability rating diagnosed as "paranoid state; (a) in partial remission, definite impairment of social and industrial adaptability.”
At a periodic physical examination on July 19, 1954, a Physical Evaluation Board reevaluated plaintiffs condition and assigned him a 10-percent disability rating. It was recommended that he be discharged with severance pay. On August 2, 1954, the Physical Review Council approved the PEB’s findings and recommendation. Plaintiff was honorably discharged from the service on August 31, 1954. Plaintiffs petition, filed November 1, 1979, asks for correction of his naval records to reflect a permanent disability of 30 percent, or greater, from the date of his discharge. He *641 claims that the diagnosis of his condition was unwarranted and mistaken.
Within 6 months of his discharge, plaintiff applied to the Veterans Administration for disability relief. There his condition was diagnosed as schizophrenic. A 10-percent rating was approved. Plaintiffs condition was reevaluated from time to time and in 1958, after a full hearing, which included testimony by plaintiff, the VA changed plaintiffs disability rating to 30 percent, retroactive to March 22, 1955.
On August 11, 1958, plaintiff petitioned the Board for Correction of Naval Records (BCNR) to change his discharge with severance pay to a permanent disability retirement. The petition was rejected without a hearing.
On January 19,1976, plaintiff again petitioned the BCNR to review and correct his record and again did not succeed.
On August 22, 1977, plaintiff again petitioned the BCNR, requesting a hearing and presenting a psychiatric report, by a private physician, to support his petition. On April 16, 1979, the BCNR denied plaintiffs application without a hearing. Plaintiff was represented before the Veterans Administration and the BCNR by the American Legion or by private counsel.
Plaintiffs claim accrued on August 2,1954, when the last mandatory board competent to render a final decision on plaintiffs eligibility for disability retirement did so. Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), cert. denied, sub nom. Lipp v. United States, 373 U.S. 932 (1963). The 6-year statute of limitations, 28 U.S.C. § 2501 (1976), for the filing of plaintiffs claim in the court started running, therefore, from August 2, 1954. The statute was not tolled by subsequent applications to the BCNR. Eurell v. United States, 215 Ct. Cl. 273, 566 F.2d 1146 (1977); Bruno v. United States, 214 Ct. Cl. 383, 556 F.2d 1104 (1977).
Plaintiff seeks to overcome the bar of limitations by raising the question of whether the statute has been tolled by that portion pertaining to legal disability. 28 U.S.C. § 2501, in pertinent part, reads:
*642 Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
sfc % 4;
A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.
Plaintiff contends that the determination of whether he suffered from a legal disability as contemplated by the statute is a question of fact requiring plaintiffs testimony and that of experts. This is the basis of plaintiffs request that the court remand the matter to the trial division for a hearing on this issue. We are cited to Goewey v. United States, 206 Ct. Cl. 874 (1975), where there was such a remand in the case of a man who for 6 years had been confined to a hospital for the mentally ill and who brought suit some 8 years after his discharge from the hospital. The issue was whether he filed his suit within 3 years after his disability had ceased. The trial judge concluded that plaintiff did not so file and the court agreed. Goewey v. United States, 222 Ct. Cl.104, 612 F.2d 539 (1979). The court noted that plaintiff had been competent to pursue his application with the Correction Board so concluded that he could have filed suit as well.
We note that plaintiff has never alleged that he was incompetent during the period of limitations. He does not bring suit nor did he seek administrative relief through the services of a duly appointed representative, guardian ad litem or such person as required to speak for the mentally ill. We have been given no evidence overcoming the presumption of full mental competency to make a claim. On the contrary, a review of the numerous letters written by plaintiff, and his affidavit, demonstrates his detailed recollection of circumstances surrounding this 26-year-old case. He promptly instituted administrative reviews of his claim upon his discharge from the Navy, and pursued them for several years. Plaintiff was able to retain and use legal counsel. He worked steadily for one company between 1966 and 1969. He wrote numerous lucid letters to the American Legion, Congress, the VA, the Correction Board, and his *643 attorney. If he did not know that he could have brought suit, it was not due to his mental condition. Ignorance of the law is not ground for tolling the statute of limitations. Defendant did not conceal his legal rights or mislead him. As explained in the opinion in Goewey, a legal disability sufficient to toll the statute of limitations must be one that impairs the claimant’s access to the court.
In short, we conclude that plaintiff has not proffered evidence which if believed would establish a prima facie case of legal disability sufficient to avoid the bar of limitations. We are satisfied that plaintiff was not under legal disability at the time his claim accrued in 1954, or at any time thereafter, so as to have prevented his access to the court. At most, plaintiff has demonstrated that he has been paranoid and obsessed with his belief that he suffered an injustice from a superior officer, which has led to his subsequent troubles. We intimate no opinion about the merits of this contention nor do we need to do so. Absent a prima facie showing of legal disability to bring a timely suit, justice would not be served by a remand, as in Goewey. We hold that plaintiff is not entitled to such a hearing and that his claim is barred by limitations.
Defendant has raised also the defense of laches. We do not need to reach this issue. Plaintiff, alternatively, seeks a remand to the BCNR with directions that it afford him a hearing. Since we have decided limitations have run and we have no jurisdiction on that account, we cannot remand to the board pursuant to 28 U.S.C. § 1491.
it is therefore ordered that, upon consideration of defendant’s motion to dismiss and plaintiffs opposition thereto, the supporting exhibits, and plaintiffs affidavit, without oral argument, the motion to dismiss is granted and the petition is dismissed.