*628 This claim by plaintiff and his wife is before the court on cross-motions for summary judgment and plaintiffs’ motion to strike defendant’s motion. This is a claim for military disability retired pay based on Mr. Gamst’s miscellaneous physical problems alleged to have arisen from his service in World War II and Korea. Since Mrs. Gamst has no standing to sue, not having been shown to have served in a military capacity and alleging no injuries or disabilities therefrom, reference hereafter is to Mr. Gamst as plaintiff.
Plaintiff claims "veteran’s benefits” of $362,000 for which he petitions for a directed verdict, a declaratory judgment, and mandamus. Plaintiff proceeds pro se. As defenses, defendant raises the statute of limitations, laches, and a lack of jurisdiction here to review final decisions of the Veterans Administration. Any one of these defenses is sufficient to bar recovery. We rest our decision, however, on the statute of limitations. In a lengthy petition and brief, plaintiff recounts detailed facts concerning his claim. We summarize only those necessary for decision.
Plaintiff entered the Army on March 21, 1941, and was released from active duty on May 5, 1946. After his discharge and while serving as a Reserve officer not on active duty, plaintiff claimed service-connected disability and was directed to appear before an Army retiring board. He underwent a physical examination and was pronounced fit for full duty, with a waiver, by the military physicians who examined him. The Army Retiring Board gave plaintiff a full hearing on June 28, 1948, and reached the same result. This decision was approved by the Surgeon General on July 14, 1948, and plaintiff was so notified.
In 1950 plaintiff was recalled to active duty as a captain. Prior to his separation from active duty on February 11, 1953, plaintiff was hospitalized for examinations on two occasions but was found qualified for full duty. Since his release from active duty he has been in and out of hospitals. On July 28, 1975, plaintiff filed an application with the Army Board for Correction of Military Records (ABCMR), seeking to have his military records amended to reflect that he was retired from the Army for physical disability. He claimed service connection for heart disease, ulcers, tuberculosis, a tumor, and possible Addison’s disease. On Decern- *629 ber 31, 1975, the ABCMR concluded that insufficient evidence had been presented by plaintiff to indicate the required probable material error or injustice in his records which would justify amendment.
In 1974 a suit was commenced against plaintiff by a private medical clinic for certain unpaid medical expenses incurred in 1973. Plaintiff filed an answer and third-party claim against the United States, the Army, and the Veterans Administration, contending that his physical problems arose in the Army and that, through negligence or unlawful action, defendant’s agencies had withheld disability pension benefits from him since 1946. This action was removed to the United States District Court for the Central District of California which dismissed plaintiffs cross-complaint. Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit which remanded to the district court with instructions to transfer the case to the United States Court of Claims. This was done and on June 2,1980, plaintiff filed his petition here.
Defendant asserts, and properly so, that this claim is barred by our 6-year statute of limitations which requires that a petition be filed within 6 years after such claim first accrues. 28 U.S.C. § 2501 (1976). In these claims for disability retired pay, it has long been held that the statute starts to run when the claim is first denied by a retiring board and that the statute is not tolled by a later appeal to a correction board. Bruno v. United States, 214 Ct. Cl. 383, 556 F.2d 1104 (1977); Eurell v. United States, 215 Ct. Cl. 273, 566 F.2d 1146 (1977). A retiring board is a competent board, mandatory in nature, and with full authority to grant the relief requested. Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963).
As heretofore noted, the Army retiring board considered and rejected plaintiffs claim for disability retirement on June 28, 1948. The Surgeon General affirmed the decision on July 14, 1948. His claim accrued at the latest on the latter date and the 6-year statute of limitations expired on that date in 1954. He could have sued before that happened instead of in 1980. It is too late now by 26 years, and his claim to the correction board which was not made until *630 1975 does not help him. Further, this court has repeatedly made it clear that we will only conduct a limited review of the decision of an authorized board of the Armed Services in a disability retirement case to determine when or whether a serviceman is fit or unfit for military service. The burden of proof is on the plaintiff in all such cases to establish that the denial of retirement rights was contrary to fact and law. Wesolowski v. United States, 174 Ct. Cl. 682 (1966); Hoen v. United States, 157 Ct. Cl. 235, 240 (1962).
Plaintiff makes an argument that the statute of limitations is tolled by his legal disability and that, since he presents a constitutional challenge to the denial of his claims for medical services by the Veterans Administration, his claim is thus saved.
It is provided in 28 U.S.C. § 2501 (1976) that—
A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.
Plaintiff does not allege that he was mentally unable to pursue his claim or that he suffered any other legal disability. There is a difference between a legal disability which tolls the statute of limitations and plaintiffs alleged disability for retirement pay purposes. Plaintiff does not allege facts which would create an issue regarding the existence of a legal disability, which would justify tolling the statute of limitations. We note further that plaintiff was not even in the military service when his claim first accrued, nor does he argue that he was beyond the seas. Ignorance, hardship, or mere inconvenience are not grounds for tolling the statute. Goewey v. United States, 222 Ct. Cl. 104, 612 F.2d 539 (1979); Capoeman v. United States, 194 Ct. Cl. 664, 440 F.2d 1002 (1971); Cochran v. United States, 205 Ct. Cl. 876 (1974). The statute of limitations is jurisdictional and therefore must be strictly construed. This is true even where a meritorious claim may have to be denied. But, Congress has determined that the public interest is best served by denial of stale claims which are difficult of proof or disproof. Braude v. United States, 218 Ct. Cl. 270, 585 F.2d 1049 (1978). That policy seems especially pertinent to cases such as this where defendant *631 states that some of plaintiffs records have been destroyed in a fire.
Plaintiff tells us that he is receiving a pension from the Veterans Administration based on its finding of 40-percent disability and that he has drawn such pension based on approximately the same rate for many years. Courts are barred by statute from reviewing the final determinations of the Veterans Administration. 38 U.S.C. § 211(a) (1976). Nor does this court have general equity powers or the declaratory judgment authority plaintiff seeks to invoke. In any event, plaintiffs claim here for disability retired pay from the Army is unaffected by an award of benefits administered by the Veterans Administration under its own statutes. Disability ratings made by the Veterans Administration are made under different statutes and for different purposes than by the military whose concern is solely whether a particular member of the Armed Forces is fit or unfit to perform the duties of his office, grade, rank, or rating. Bennett v. United States, 200 Ct. Cl. 635 (1973); Wesolowski v. United States, supra.
For 33 years now plaintiff has contended that he is the "beneficiary” of military disability retirement pay which has been unlawfully denied to him. He has exhausted his administrative and judicial remedies. He has repeatedly made and remade the arguments advanced here. They have consistently been rejected on the merits. We are impressed by the enormous attention that this claim has received for over a generation. Plaintiffs official military personnel file before us consists of 824 pages. In addition, the district court record transferred to us consists of several hundred pages.
We find it unnecessary to consider points raised by the parties other than those discussed here.
it is therefore ordered, upon consideration of the motions, briefs, and supporting exhibits, the district court file, the administrative record, and the authorities cited, that defendant’s motion for summary judgment is granted. Plaintiffs cross-motion for summary judgment and to strike is denied. The petition is dismissed.