Plaintiff Samuel B. Folsom alleges that he served on active duty as a reserve or a regular in the Navy and Marine Corps from August 1940 through June 1963; in the spring of 1963, while he was serving in the reserve, a Continuation Board failed to recommend that he be retained in active status, and as a result he retired from the Marine Corps, under protest, effective July 1, 1963; he reached 60 years in 1980; and he had a total of nearly 23 years of military service. He applied, for retirement pay at age 60, to the Board for Correction of Naval Records *760 (BCNR) in 1967; this was denied in May 1968. He applied again in 1980 (apparently after he reached, or was about to reach, 60) and was turned down in November 1980. This suit was filed in August 1981, seeking retirement pay.
Defendant moves to dismiss on the ground that the claim is barred by limitations, or if not, that claimant fails to qualify for retirement pay under the relevant statute. Plaintiff opposes, but does not seek a dispositive judgment in his favor at this time.
Insofar as the petition asserts that the refusal in 1963 to continue plaintiff on active duty was illegal or improper, or that plaintiff was wrongfully forced out of the Marines at that time,[1] those claims are long barred by the six year statute of limitations. Such claims arose when he was separated from active service in 1963 (e.g., Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974)), and limitations is not tolled or expanded by his pursuit of remedies before the BCNR. E.g., Bruno v. United States, 214 Ct. Cl. 383, 556 F.2d 1104 (1977).
If, as plaintiff insists in his response to the defendant’s motion, his claim is simply that he became entitled, on reaching 60 in 1980, to retirement pay,[2] then he fails to satisfy the statutory requirements. The statute plaintiff invokes, 10 U.S.C. §1331, provides, for coverage, that a serviceman must (a) be at least 60, (b) have performed 20 years of service, and (c) have "performed the last eight years of qualifying service while a member” of a reserve or non-regular component. Plaintiff meets the first two requirements (he had over 22 years of service and is now over 60), but he does not satisfy the third. He had over eight years of reserve service, but his "last eight years” of service consisted of some regular service and some reserve.[3]
Folsom contends that we should construe the statute as not calling for eight years of consecutive reserve service as the "last eight years of qualifying service.” However, the legislation is very specific and express, and we have no reason, let alone warrant, for reading it contrary to its *761 plain words. The only ground plaintiff suggests for his interpretation is that Congress could not have induced servicemen to transfer into the reserves to obtain the retirement benefits awarded by §1331 (as he says he was)[4] and at the same time have restricted those benefits to persons who spent their last eight years of qualifying duty in the reserves. This does not, however, seem improbable to us. Congress specifically provided in 10 U.S.C. §6410 for the elimination from active service in the reserves (of the Navy or Marine Corps) of the number of officers the Secretary of the Navy should deem appropriate. That provision, which has long been in effect, shows that the number of reserve officers on active duty could well be limited at any and all times. When plaintiff transferred in 1958 he could be expected to know of the possibility that he could be so eliminated at any time. He took the chance that he would not be, until he had served eight consecutive years on active duty, but he simply lost that bet in 1963.
To the extent that plaintiff continues to argue that his retirement in 1963 was induced by some wrongful or improper action of the military, and should therefore be treated differently than if his return to inactive status was wholly normal, there again come into play the six-year statute of limitations, and the cases cited above, to bar the claim.
Defendant’s motion to dismiss is granted, without oral argument, and the petition is dismissed.

 The petition appears to embody these claims, but plaintiffs response to the Government’s motion expressly disavows them.

 Without challenging his separation in 1963 as illegal or improper.

 In other words his reserve service was not consecutive (1940-1944 and 1958-1963).

 Plaintiff transferred in 1958 from the regular component of the Marine Corps to the reserves.