Robert L. **FULLER**

v.

The **UNITED STATES.**

No. 529–87C.

United States Claims Court.

April 4, 1988.

Robert L. Fuller, pro se.

Anthony H. Anikeeff, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, Washington, D.C., for defendant. LCDR Brian D. Robertson, Dept. of the Navy, Washington, D.C., of counsel.

## OPINION

MARGOLIS, Judge.

In this military pay case, plaintiff, a former enlisted man in the United States Naval Reserve, seeks disability retirement pay for the twenty-four years since his discharge. The United States District Court for the Northern District of California transferred the case to this court on April 17, 1987. *See Fuller v. United States,* No. C–86–20874 SW (N.D.Cal. Apr. 20, 1987). Defendant has moved for dismissal arguing that the statute of limitations bars plaintiff's claim and that the Claims Court lacks jurisdiction over Veterans' Administration and Social Security Administration benefit claims. After a review of the entire record, defendant's motion to dismiss is granted.

## FACTS

The plaintiff, Robert L. Fuller, enlisted in the United States Naval Reserve on June 20, 1959 and was ordered to active duty on July 14, 1961. On November 1, 1962, while serving on board the USS RANGER, plaintiff was admitted to the ship's sick list for suspected sleepwalking. After an examination, plaintiff's condition was listed as "DIAGNOSIS UNDETERMINED (SOM-

NAMBULISM, Cause Unknown) # 9190." That same day, plaintiff was transferred to the United States Naval Hospital in Oakland, California. On November 22, 1962, following medical, psychological, and psychiatric examinations, plaintiff's diagnosis was revised to "SCHIZOPHRENIC REACTION, LATENT, # 3005."

Plaintiff subsequently appeared before a Navy Board of Medical Survey (BMS). In a report dated November 29, 1962, the BMS concluded:

It is the opinion of the Board that this member Robert Lawrence FULLER, does not meet the minimum standards of enlistment or induction and that he is unfit for further Naval Service by reason of SCHIZOPHRENIC REACTION, LATENT, # 3005, and that this physical disability was neither incurred nor aggravated by service.

The BMS informed plaintiff of its determination, offered him an opportunity to rebut its findings, and fully advised him of his right to demand a hearing before a Physical Evaluation Board (PEB) prior to his discharge. Plaintiff, however, declined to submit a rebuttal statement and, on November 29, 1962, voluntarily executed a formal, written waiver of his right to demand a hearing before the PEB and requested an administrative discharge from Naval service. The Navy honorably discharged plaintiff on December 7, 1962.

In November 1986, plaintiff discovered information that led him to believe that his physical disability, for which he was discharged, could not have existed prior to his order to active Naval service. Later that month, plaintiff, seeking correction of his military record and recovery of disability retirement pay, petitioned the Board for Correction of Naval Records (BCNR).

The BCNR solicited and received comments and recommendations from the Navy's Central Physical Evaluation Board (CPEB). The CPEB responded that the plaintiff was unfit for enlistment due to a preexisting condition that was not incurred in or aggravated by service. The CPEB further found that plaintiff was competent at the time he signed a valid waiver refusing a hearing before the PEB. The CPEB recommended that the BCNR deny the plaintiff's petition for benefits. The BCNR then dismissed plaintiff's claim on November 3, 1987 on the grounds that it had been untimely filed.

On December 16, 1986, plaintiff commenced an action in the United States District Court for the Northern District of California asserting claims under the Federal Tort Claims Act and the Tucker Act. The district court, by order dated April 17, 1987, directed that plaintiff's Tucker Act claims be transferred to the United States Claims Court. Plaintiff subsequently filed a complaint in this court on August 25, 1987.

## DISCUSSION

### A. Statute of Limitations

The statute of limitations bars lawsuits after a prescribed period of time to avoid litigation of stale claims and to protect parties from suit after memories have faded, witnesses have died or disappeared, and evidence has been lost. *Braude v. United States*, 218 Ct.Cl. 270, 278, 585 F.2d 1049, 1054 (1978). The statute of limitations applicable to this court provides that "[e]very claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The issue in this case is whether the claim accrued when the plaintiff signed the waiver refusing to appeal to the PEB, or whether the claim accrued twenty-four years later when the BCNR dismissed plaintiff's claim.

■ The Court of Claims, in *Friedman v. United States*, 159 Ct.Cl. 1, 13, 310 F.2d 381, 389 (1962), *cert. denied*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), established the rule that a cause of action in a disability pay case accrues when final action is taken by the first board competent to decide the matter of entitlement. Where a proper board has acted finally, the running of the statute is not tolled by later consideration by other boards or agencies. *Id.* at 14–15, 310 F.2d at 390. Where full

action has been had, or refused, by a board competent to act, later review by a Disability Review Board or the Correction Board does not toll the statute. *Id.* at 15, 310 F.2d at 390.

A medical survey board, the BMS, reported on the plaintiff's case and made several findings on November 29, 1962. A medical survey board of the Navy, however, is not a proper and competent tribunal whose decision is adequate to trigger the running of the statute of limitations. *Hoppock v. United States*, 163 Ct.Cl. 87, 90 (1963). Such a board does not act for the Secretary of the Navy and is not a statutory board. The board merely evaluates a servicemember's health for a number of purposes. While the board may screen cases for possible referral to the Retiring Board, it has no power to decide that retirement should be allowed or disallowed. *Id.* at 92–94.

■ The waiver signed by plaintiff on November 29, 1962, states that he was aware of his right to a full and fair hearing before the PEB. The PEB is a proper and competent tribunal whose decision is adequate to trigger the running of the statute of limitations. Therefore, this court must determine whether plaintiff's waiver of a hearing constitutes final action by the PEB.

The Court of Claims explained in *Friedman* that:

The judicial claim for disability retirement pay does not accrue on release from active duty but rather on *final* action of a board competent to pass upon eligibility for disability retirement (or upon refusal of a request for such a board).

159 Ct.Cl. at 24, 310 F.2d at 395–96 (emphasis in the original). Plaintiff relies on this language in *Friedman* to argue that the statute of limitations was tolled because the Navy never explicitly "requested" plaintiff "to appear before a Physical Evaluation Board on the waiver" and that the waiver was not a "request." Plaintiff asserts that because the Navy never requested him to appear before the PEB, plaintiff could not have refused to appear, and

therefore the statute of limitations never began to run because there was never a "refusal of a request for such a board."

Plaintiff's misunderstands the holding in *Friedman*. The Navy is not required to request a servicemember to appear at a hearing. The statute authorizing a hearing, 10 U.S.C. § 1214, reads: "No member of the armed forces may be retired or separated for physical disability without a full and fair hearing if he demands it." The statute only requires the Navy to provide a hearing if one is demanded. The plaintiff, by waiver, stated that "with full knowledge of my rights in this matter, I hereby certify that I do not demand a hearing before a Physical Evaluation Board."

*Friedman* holds that a cause of action arises when "a proper board has acted or declined to act." 159 Ct.Cl. at 13, 310 F.2d at 389. A board declines to act when it refuses a servicemember's request for a hearing. The court's reasoning to support this conclusion was that:

[A] claimant who has had a Retiring Board proceeding—or who is sufficiently aware of a possible disability that he requests a Retiring Board (and is turned down)—ordinarily has adequate notice of his potential entitlement to disability retirement pay so that he can and should bring suit within six years; he is not caught unawares by the sudden development of a latent or progressive condition that he reasonably thought non-disabling at the time of his separation."

*Id.* at 28–29, 310 F.2d at 398.

While *Friedman* states, in *dicta*, that "for those claimants who did not have (or request) a Retiring Board (probably because they had no adequate idea they were or could be disabled) and who thereafter apply to the Correction Board," their cause of action does not accrue until the Correction Board has completed its proceedings. *Id.* at 29 n. 23, 310 F.2d at 398 n. 23. The court believes that the above rule is not applicable in a case where the claimant, with full knowledge of his disability and his rights, waives his right to a hearing.

The Claims Court faced this question in *Bogdans v. United States*, No. 125–83C, order at 4 (Cl.Ct. Oct. 15, 1985),* in which the court held:

> By his act of signing the waiver, plaintiff prevented consideration of his case by the board. The statute of limitations began to run when plaintiff refused the offer of the opportunity to appear before the Physical Evaluation Board [PEB]. *Accord Huffaker v. United States*, 2 Cl.Ct. 662, 667–68 (1983).

*Id.* at 4. Plaintiff's claim therefore accrued when he signed the waiver on November 29, 1962 and refused the opportunity to appear before the PEB.

The waiver indicates that the plaintiff was fully informed that he had the right to appeal to the PEB and that refusal to do so meant that plaintiff would be "discharged from the Naval Service in the near future without further hearing and without disability retirement pay or severance pay and without compensation whatsoever." Such language clearly constitutes proper notification to the plaintiff that he had a potential claim and that his only recourse was to appeal to the PEB. Plaintiff was also fully aware of his physical disability at the time he signed the waiver. Using the language in *Friedman*, plaintiff in this case had "adequate notice of his potential entitlement to disability retirement pay so that he can and should bring suit within six years." 159 Ct.Cl. at 29, 310 F.2d at 398. A decision by the PEB, or a plaintiff's refusal to appeal to the PEB having full knowledge of his disability and his rights, constitutes final action in that case and begins the running of the statute of limitations.

Plaintiff claims that the waiver is a deceptive and fraudulent concealment that plaintiff's disability was service-incurred. The plaintiff, however, offers no evidence to support this accusation, and the record does not support such an accusation. The court finds this claim to be without merit.

Having full knowledge of his disability and his rights, plaintiff's refusal to appeal

to the PEB by virtue of his signing the waiver on November 29, 1962 triggered the statute of limitations. The plaintiff did not file this action in the United States District Court for the Northern District of California until December 16, 1986—twenty-four years after the statute of limitations began to run. The statute of limitations for the Claims Court is six years. Therefore, plaintiff is eighteen years too late in filing his claim.

### B. *Jurisdiction Over Plaintiff's Remaining Claims*

 Plaintiff also seeks Veterans' Administration disability benefits pursuant to 38 U.S.C. §§ 331–337, and Social Security Administration benefits pursuant to 42 U.S.C. § 423. Veterans' Administration benefits determinations are not subject to judicial review. 38 U.S.C. § 211. In addition, only the United States District Courts may review Social Security Administration benefits determinations. 42 U.S.C. § 405(g).

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted. The Clerk will dismiss the complaint. Each party will bear its own costs.

---

*The plaintiff, who is *pro se*, objected to the defendant's use of this unpublished order. However, the Claims Court, unlike the Court of Appeals for the Federal Circuit, does not have a rule precluding parties from citing to unpublished Claims Court opinions. Because of the similarity of the facts in *Bogdans* and the case at bar, and because defendant supplied plaintiff with a copy of the order, this court cites to *Bogdans* as persuasive authority.