Earl M. BRICKER, III, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–633C.

United States Court of Federal Claims.

Oct. 10, 1996.

Chuck R. Pardue, Washington, D.C., for plaintiff.

Luis M. Matos, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director, Washington, D.C., for defendant. LTC David L. Hayden and Major Christine Lerch, Office of the Judge Advocate General, United States Army, of counsel.

## OPINION

ANDEWELT, Judge.

### I.

In this military pay action, plaintiff, Earl M. Bricker, III, a retired major in the United States Army, seeks an increase in his physical disability rating from 30 percent to at least 60 percent.

Plaintiff was retired from the Army on November 23, 1988, based upon a finding that he was physically unfit for military service due to his suffering from a rapid heartbeat and high blood pressure. A medical evaluation board first reviewed plaintiff's condition and then referred the case to an informal physical evaluation board (PEB). After the informal PEB gave plaintiff a disability rating of only ten percent, plaintiff requested a formal PEB hearing. The formal PEB determined that plaintiff's then-current physical condition warranted a disability rating of 30 percent. The United States Army Physical Disability Agency (USAPDA) reviewed the formal PEB's determination and on September 20, 1988, approximately two months before plaintiff was retired, approved that decision for the Secretary of the Army. After he was retired, plaintiff made a series of submissions of additional information to the USAPDA and each time requested an increase in his disability rating. Plaintiff also applied to the Army Board for the Correction of Military Records (ABCMR) to have his records modified to reflect a higher disability rating. The USAPDA rejected each of plaintiff's submissions in responses labeled "Advisory Opinions" and issued the last of these opinions on March 28, 1994. On December 14, 1994, the ABCMR issued a "Memorandum of Consideration" denying plaintiff's request for a higher disability rating. On September 20, 1995, plaintiff filed the instant complaint in which plaintiff alleges that the USAPDA and ABCMR acted in an arbitrary and capricious manner when they refused to increase his disability rating. This action is before the court on defendant's motion to dismiss the complaint as barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501. For the reasons set forth below, defendant's motion is granted.

### II.

Pursuant to 10 U.S.C. §§ 1201 and 1216, the Secretary of the Army has the responsibility of determining the degree of disability suffered by a soldier retiring from the Army. The Secretary has adopted regulations that outline the administrative procedures for making such determinations. Under these regulations, a PEB first considers the extent of a soldier's disability (Army Reg. 635–40, § 3–10) and then the USAPDA reviews the PEB's decision (Army Reg. 635–40, § 4–21). The USAPDA "[makes] the final decision whether a member is unfit because of physical disability ... [and] make[s] related determinations such as percentage ratings." Army Reg. 635–40, § 3–3f.

### III.

Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." In *Friedman v. United States*, 159 Ct.Cl. 1, 6, 310 F.2d 381, 384 (1962), *cert. denied*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), which also involved a disability retirement claim, the Court of Claims discussed at length the wide ranging precedent covering the accrual of claims under Section 2501 and "[took] the opportunity to spell out in detail" the applicable rules. The court explained that "where Congress

has deliberately given an administrative body the function of deciding all or part of the claimant's entitlement, *i.e.*, where Congress has interposed an administrative tribunal between the claimant and the court," the controlling precedent provides that "the claim does not accrue until the executive body has acted (if seasonably asked to act) or declines to act." 159 Ct.Cl. at 8, 310 F.2d at 385–86. That precedent controls in the instant case because Congress has assigned to an administrative body, *i.e.*, the Secretary of the Army, the responsibility of assessing the degree of disability suffered by a soldier retiring from the Army. As to the point in time at which the executive body should be deemed to have acted or to have declined to act so as to commence the running of the statute of limitations, the *Friedman* court explained that "[t]he judicial claim for disability retirement pay ... accrue[s] ... on *final* action of a board competent to pass upon eligibility for disability retirement (or upon refusal of a request for such a board)." 159 Ct.Cl. at 24, 310 F.2d at 395–96. With respect to when such a board's action should be deemed final for purposes of commencing the running of the statute of limitations, the court explained:

A board's action (or failure to act) is not final if (i) the claimant has been misled, (ii) the board's decision is tentative and invites reopening, (iii) the armed service itself reopens the case, or (iv) there are circumstances depriving the action or non-action of finality.

159 Ct.Cl. at 24, 310 F.2d at 396. The court further explained that when a correction board reviews a prior board's decision, the correction board's determination not to correct a soldier's records and overrule the prior board's decision does not give rise to a new cause of action and thus does not create a new period of limitations. *Id.*

## IV.

Defendant contends that the statute of limitations herein commenced to run at the time the formal PEB issued its final decision and because plaintiff filed his complaint more than six years after that date, the instant action is barred by Section 2501. *Bruno v. United States*, 214 Ct.Cl. 383, 556 F.2d 1104

(1977), which is binding precedent on this court, provides support for defendant's position. Although *Friedman* did not involve a PEB *per se*, the *Bruno* court interpreted *Friedman* to apply to PEBs as follows:

*Friedman* holds that where the [PEB] itself suggests in its findings that the decision is tentative, or where the PEB withholds a final decision pending consideration of some new evidence, or expressly invites, on the record, the petitioner seek a reopening at some later date, then, as a matter of law, the PEB decision is not final and the statute of limitations does not begin to run. *Absent such circumstances, the decision is final and the statute of limitations period begins to run.*

*Id.* at 387, 556 F.2d at 1106 (emphasis added); *see also Fuller v. United States*, 14 Cl.Ct. 542, 544 (1988) ("The PEB is a proper and competent tribunal whose decision is adequate to trigger the running of the statute of limitations.").

In response, plaintiff contends, in effect, that the approach in *Bruno* and *Fuller* is flawed and that the statute of limitations should not commence to run upon issuance of the PEB's final decision. The applicable regulations arguably provide some support for plaintiff's position in that the regulations specify that a PEB does not constitute a statutory board (Army Reg. 635–40, § 3–10a) and that the USAPDA, rather than the PEB, has the authority to make the "final decision" with respect to percentage disability ratings (Army Reg. 635–40, § 3–3f). In any event, however, even if the statute of limitations does not commence to run at the time a PEB issues its final decision but rather at the time the USAPDA acts upon that decision, the instant action still is barred by the statute of limitations because the USAPDA adopted the PEB's determination as to a 30 percent disability rating on September 20, 1988, which is more than six years before plaintiff filed the instant complaint.

Plaintiff argues that in applying *Friedman*, the USAPDA's September 20, 1988, approval of the PEB's determination does not constitute the USAPDA's "final decision" for statute of limitations purposes because

subsequent to the September 20, 1988, approval, plaintiff periodically supplied new information to the USAPDA and the USAPDA considered that information and issued advisory opinions in response. Plaintiff argues that the USAPDA's last advisory opinion, which was issued less than six years before the filing of the instant complaint, should be treated as the USAPDA's "final decision" and hence the instant case should be deemed timely.

In response, in adopting the PEB's decision on September 20, 1988, the USAPDA did not suggest that its action was tentative, that it was inviting or awaiting the presentation of additional information, or that it otherwise did not consider its decision to be final. Hence, applying the teachings of *Friedman*, 159 Ct.Cl. at 24, 310 F.2d at 396, and *Bruno*, 214 Ct.Cl. at 387, 556 F.2d at 1106, the USAPDA's September 20, 1988, action is properly considered final, the statute of limitations commenced to run as of that date, and plaintiff was required to bring any suit challenging that action within six years.

Plaintiff has not cited any regulation that required plaintiff, subsequent to the USAPDA's September 20, 1988, action, to return to the USAPDA to seek modification of that action before filing suit in court. Hence, because plaintiff could have treated the September 20, 1988, action as definitive and filed suit in court from that point in time, his cause of action necessarily accrued and the statute of limitations commenced to run upon that date. Plaintiff has not identified any legal doctrine that would toll the running of the statute of limitations based on a soldier's voluntary decision to return to the USAPDA rather than file suit in court.

Finally, plaintiff's approach, if adopted, would strip the statute of limitations of any significance. Plaintiff's argument that the statute of limitations commences to run from the most recent pronouncement of the USAPDA in effect would allow a soldier faced with an adverse USAPDA disability determination to wait decades after the USAPDA's decision before asking the USAPDA to change its prior decision and then, if the USAPDA refused, to bring suit challenging the disability rating. Such a result would obliterate the intended benefit of the statute of limitations of avoiding stale claims. *Friedman*, 159 Ct.Cl. at 34, 310 F.2d at 401.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss is granted. The Clerk of the Court shall enter judgment dismissing plaintiff's complaint. No costs.

IT IS SO ORDERED.