**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herschel Smith JONES, Defendant-Appellant.**

**No. 20378.**

United States Court of Appeals, Sixth Circuit.

Jan. 14, 1971.

James P. Anderson (Court-appointed), Chattanooga, Tenn., for defendant-appellant; William C. Carriger, Chattanooga, Tenn., on brief; Strang, Fletcher, Carriger, Walker & Hodge, Chattanooga, Tenn., of counsel.

W. Lloyd Stanley, Jr., Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff-appellee; John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., on brief.

Before TOM C. CLARK, Associate Justice,* and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant Jones and his wife were jointly indicted on a charge of receiving and concealing stolen United States Postal Money Orders, in violation of 18 U.S.C. § 641 (1964). They were tried jointly and found guilty by a jury in the United States District Court for the Eastern District of Tennessee, Southern Division. At trial they were both represented by the same appointed counsel. Both defendants testified. Appellant's testimony at trial represented a complete

* Associate Justice, Supreme Court United States, Retired, sitting by designation.

confession of his guilt and an attempt to exculpate his wife.

On this appeal (by the husband only), another appointed counsel argues that appellant was denied effective assistance of counsel by dint of the fact that one lawyer represented both husband and wife, defendants below. It is clear that no request for separate counsel was made in the court below, and that no motion for severance of the trial was made. Appellate counsel argues, however, that if the husband had been represented by separate counsel, he would more effectively have urged the husband not to take the witness stand.

Appellant now relies upon Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), wherein the Supreme Court said:

> "[T]he 'Assistance of Counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests." Glasser v. United States, *supra* at 70, 62 S.Ct. at 465.

In this same case the Supreme Court also said:

> "Of equal importance with the duty of the court to see that an accused has the assistance of counsel is its duty to refrain from embarrassing counsel in the defense of an accused by insisting, or indeed, even suggesting that counsel undertake to concurrently represent interests which might diverge from those of his first client, when the possibility of that divergence is brought home to the court." Glasser v. United States, *supra* at 76, 62 S.Ct. at 467.

*See also* Craig v. United States, 217 F. 2d 355 (6th Cir. 1954); Lollar v. United States, 126 U.S.App.D.C. 200, 376 F.2d 243 (1967); 18 U.S.C. § 3006A(b) (Supp. V 1965).

As we see appellant's problems in this case, they had nothing to do with lack of effective legal representation. On the contrary, they were derived from the fact that he knew that the prosecution was in full possession of clear and admissible proofs of his guilt.

Appellant had taken postal inspectors to a location on a mountain where he had hidden the stolen money orders. This record contains a clearly admissible confession from appellant, plus the testimony of two accomplices, all of which would have been more than sufficient to establish his guilt. If appellant had been separately represented, we see no reason to believe that his motivation toward insisting on testifying to attempt to exculpate his wife would have been different.

We find no conflict of interests between these two defendants, nor any prejudice to appellant arising from joint representation. United States v. Burkeen, 355 F.2d 241 (6th Cir. 1966); United States v. Berriel, 371 F.2d 587 (6th Cir. 1967).

The judgment of the District Court is affirmed.