Sylvester MOSLEY

v.

The SECRETARY OF THE NAVY, et al.

Civ. A. No. 81–0947.

United States District Court, E. D. Pennsylvania.

Sept. 30, 1981.

Francis X. Nolan, Donsky, Levin, Dashevsky & Nolan, Philadelphia, Pa., for plaintiff.

Dawn M. MacPhee, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

Plaintiff, a former Marine Corps Sergeant, sues to challenge his administrative discharge as arbitrary and unconstitutional. The government moves for dismissal or summary judgment on the grounds that jurisdiction is lacking and the action is barred by laches. The motion will be granted.

On the recommendation of the Enlisted Performance Board (EPB), plaintiff was discharged, and his request for reenlistment denied, in April, 1971.[1] Over five years later, in September, 1976, plaintiff began to pursue his administrative remedy by appealing to the Board for Correction of Naval Records (BCNR). The BCNR denied his petition in May, 1978. Almost three years later, March 11, 1981, plaintiff commenced this lawsuit asking for retroactive reinstatement, transfer to the Fleet Reserve, back pay, and retirement benefits.

The government first contends that the claims for back pay and retirement benefits belong not in this court, but rather in the Court of Claims.[2] Defendants further argue that because I must dismiss the monetary claims, I should dismiss all claims so that they can be presented to the Court of Claims in a single action. In an identical situation, Judge Becker dismissed the monetary claims, while retaining jurisdiction of the equitable claims. *Neal v. Secretary of the Navy*, 472 F.Supp. 763, 773–75 (E.D.Pa. 1979), *rev'd on other grounds*, 639 F.2d 1029 (3d Cir. 1981).[3] I agree with his reasoning. Accordingly, I shall dismiss plaintiff's back pay and retirement-benefit claims, and retain jurisdiction over the remaining equitable claims.

The government argues that these claims must be dismissed because of laches. When plaintiff demands relief requiring a decree in equity, the court looks to laches, rather than limitations, to see if the action is time barred. Under the doctrine of laches, the court must weigh the inexcusable delay by the plaintiff against the prejudice to the defendant. *See, e. g., Gruca v. United States Steel Corp.*, 495 F.2d 1252, 1258 (3d Cir. 1974). *See generally*, H. McClintock, *Handbook of the Principles of Equity*, § 28 (2d ed. 1948). In judging the length of delay, the court looks to the analogous statute of limitations. When the suit is brought after the period of limitations, a rebuttable presumption arises that the delay is inexcusable and defendant is prejudiced. Plaintiff must then come forward to rebut these presumptions. *Gruca*, 495 F.2d at 1258–59.

The government argues that the analogous statute of limitations, 28 U.S.C. § 2401(a), bars claims filed six years after

---

1. Plaintiff alleges the EPB's action to have been arbitrary, and also to have violated his Fifth Amendment rights to substantive and procedural due process.

2. An unrefuted affidavit shows that plaintiff's back pay and retirement benefits are each in excess of $10,000, the jurisdictional limit for this court, *see* 28 U.S.C. § 1346(a)(2), as well as the threshold for the Court of Claims. *Id.* § 1491.

3. The Third Circuit reversed the grant of summary judgment for the defendants. Implicit in this result was that subject-matter jurisdiction existed in the district court, at least for the equitable claims.

the cause of action accrues. The government points out that this claim was filed almost ten years after discharge. Even if limitations are tolled for the twenty-month period during which plaintiff exhausted his administrative remedies, the statute ran for over eight years—five years before the BCNR appeal, and three years after. Thus, defendants conclude that plaintiff bears the burden of showing that his delay is excusable and did not prejudice the defendants.

Plaintiff offers no response to defendants' statement that six years is the analogous limitation period. Instead, citing *Cason v. United States*, 471 F.2d 1225, 200 Ct.Cl. 424 (1973), he argues that laches are inapplicable to military-pay cases. Furthermore, he contends (without citation) that his cause of action accrued in 1975, when he was "counselled as to his rights." Plaintiff's Memorandum at 12. Finally, he argues that his delay is excused by his own ignorance, and by his deliberate postponement of filing pending the outcome of *Neal.*

Plaintiff misreads *Cason.* There, the *en banc* Court of Claims refused to apply laches because it would have been inequitable "to revive an apparently dead rule, and to give it retroactive effect." 471 F.2d at 1229. The court, however, also warned that "parties before this court will take this case as notice that military pay cases are not *per se* exempt from application of the doctrine of laches." *Id.* Furthermore, the Court of Claims noted that the four-year delay in bringing the *Cason* action was "entirely too

long. With a minimum showing of injury, it would have mandated application of laches except for the desuetude factor." Thus, *Cason* stands for the proposition that laches would be prospectively applied.[4]

More important, plaintiff's argument that laches has no applicability is unconvincing. His position necessarily implies that suits for improper discharge can never be time barred. This position is wrong, both as a matter of equity, *see generally* H. McClintock, *supra*, § 28, and comity between military and judiciary. *See generally Neal*, 639 F.2d at 1037 (quoting district court). Equity and comity both counsel the application of laches, in order to encourage discharged military personnel to bring their grievances promptly to the attention of the boards of corrections and the courts. Otherwise, long delays may result (as in this case), with a great possibility of prejudice to the government.

Plaintiff could have brought this lawsuit in 1971.[5] His cause of action accrued, and the running of time started then.[6] Tolling time for two years to allow for his BCNR appeal,[7] plaintiff has waited eight years to bring this action. Because this period is longer than the analogous limitation statute,[8] plaintiff has the burden of excusing his delay and showing lack of prejudice to the government.

■ Plaintiff has explained his delay, but none of his explanations constitutes a legal

---

4. I also note that because of the dismissal of the legal claims, this no longer is, as plaintiff maintains, a military pay suit.

5. In some circuits, exhaustion of post-discharge administrative remedies is a prerequisite to a lawsuit. *See generally, e. g., Rew v. Ward*, 402 F.Supp. 331, 333–34 (D.N.M.1975). In the Third Circuit, however, a suit can be brought any time after discharge. The district court, however, should defer a final decision until after administrative exhaustion. *Nelson v. Miller*, 373 F.2d 474, 478–79 (3d Cir. 1967). Thus, the proper way to calculate the running of time is to start with the discharge, and toll for any period during which administrative remedies are pursued. Even if exhaustion were an administrative prerequisite, the same calculation would apply.

6. Plaintiff's lack of legal counseling does not delay the running of time. *See, e. g., DaMato v. Turner & Newall, Ltd.*, 651 F.2d 908, 909 (3d Cir. 1981) (per curiam). Neither does the BCNR's generosity in hearing plaintiff's admittedly time-barred appeal, *see* Plaintiff's Memorandum, at 4, give him a new clock.

7. *See* note 5 *supra.*

8. Whether that statute is the Tucker Act, 28 U.S.C. § 1346, *see Brewster v. Secretary of the United States Army*, 489 F.Supp. 85, 87–88 (E.D.N.Y.1980), or a state statute like 42 Pa. Cons.Stat.Ann. §§ 5524 or 5527 (Purdon 1981), *see Brewster* 489 F.Supp. at 88, the limitation period is no longer than six years.

"excuse."[9] Furthermore, plaintiff has not met his burden of showing lack of prejudice. Indeed, in responding to the prejudice which results from difficulty of locating witnesses, plaintiff appears to concede prejudice. He argues only that this difficulty can be surmounted through consumption of the government's "virtually inexhaustible resources." Plaintiff's Memorandum at 12. Although plaintiff is correct to observe that his service record is in the government's possession, witnesses also are important to the resolution of his problem; their credibility is in issue, and if plaintiff were entitled to a new EPB, their presence would be vital. Accordingly, plaintiff has not met his burden of explaining delay and demonstrating lack of prejudice.[10]

Therefore, plaintiff's action is barred by laches and shall be dismissed with prejudice.[11]

---

**9.** *See* note 6 *supra.* Plaintiff cites *Cason* as allowing delay so that a controlling pending case can be decided. Plaintiff's Memorandum, at 12. This, however, was an argument by the plaintiff, not a holding by the court. 471 F.2d at 1229. The Court of Claims gave no hint of endorsing this argument, pointing out instead that because of the delay, the defendant would have prevailed with a minimal showing of prejudice but for the long disuse of the laches defense. The implication was that plaintiff's explanation was not an excuse.

**10.** Even if the burden were on defendant, plaintiff still would be barred. *See Cason*, 471 F.2d at 1230 (four-year delay and minimal showing of prejudice proves laches).

**11.** Of course, if limitations, rather than laches, control, the same disposition results. Furthermore, if I do have jurisdiction of plaintiff's monetary claims, they also must be dismissed.