Donald NETHERY, Plaintiff,

v.

Verne ORR, Secretary of the Air Force, et al., Defendants.

Civ. No. 82-3309.

United States District Court, District of Columbia.

June 30, 1983.

Donald Nethery, pro se.

C.T. Neale, III of Hudgins & Neale, Newport News, Va., and Edward G. Modell of Blum, Parker & Nash, Washington, D.C., for plaintiff.

Mitchell R. Berger, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty. and Royce C. Lamberth, Asst. U.S. Atty., Washington, D.C., were on brief and LTC Richard R. James, Office of the Judge Advocate Gen., Washington, D.C., was of counsel, for defendants.

RICHEY, District Judge.

This matter is before the Court on defendants' motion to dismiss or for a judgment of affirmance of the decision of the Air Force Board for Correction of Military Records ("AFBCMR"), plaintiff's opposition thereto and the entire record herein. Defendants argue that plaintiff's claim is barred by the statute of limitations and even if not barred, should be denied because the AFBCMR decision was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Because the Court finds that the AFBCMR decision was reasonable, defendants' motion will be granted and that decision will be affirmed.

## BACKGROUND

Plaintiff served in the Air Force from July of 1951 until his discharge in September of 1955. At the time of his separation, plaintiff was given an "undesirable" discharge certificate, following an inquiry into charges by several Marines that he had made homosexual advances toward them.[1]

---

1. Plaintiff's version of the incident is that two marines assaulted and robbed him, then fabricated the charges leveled against him in an attempt to exculpate themselves. The truth of this matter may never be known in that there has never been (and will as a practical matter never be) a fact finding hearing concerning the incident. However, plaintiff's guilt or inno-

Plaintiff waived his right to a hearing before an administrative discharge board. Because of the nature of his discharge, plaintiff was denied payment for accrued leave time and mustering-out.[2]

In 1956 and again in 1961, plaintiff applied to the Air Force Discharge Review Board ("AFDRB"), seeking to upgrade his discharge. Both times, he was denied relief. In 1962, plaintiff applied to the Air Force Board for Correction of Military Records ("AFBCMR"), also unsuccessfully. In 1977, however, the Air Force instituted a policy change which allowed past discharges to be administratively reviewed on the basis of the Air Force's then current policies. *See* 32 C.F.R. §§ 70.1(a)(1), 70.6(c)(1) (1981); P.L. 95–126, § 1(a)(2), 91 Stat. 1106 (1977). Pursuant to this authority, plaintiff applied to the AFBCMR in 1978. He sought to have his discharge upgraded to "honorable" and to have entered on his record a notation that he was discharged because of "expiration of enlistment." On March 20, 1979, the AFBCMR granted plaintiff the former item of relief, upgrading his discharge to "honorable," but denied the latter.

Plaintiff remained unsatisfied with the relief granted him. Consequently, he applied to the AFDRB and the AFBCMR to delete from his non-public discharge papers[3] a reference to "AFM 39–12," which had been cited as the basis for his discharge. AFM 39–12 was the successor to AFR 35–66, the regulation under which plaintiff had originally been discharged. This regulation is entitled "Enlisted personnel, separation for unsuitability, misconduct, personal abuse of drugs; resignation or request for discharge for the good of the service; procedures for rehabilitation program." Two subsections of this regulation

could relate to homosexuality. Plaintiff argued that reference to AFM 39–12 created damaging implications and therefore should be removed. Additionally, plaintiff sought payment for unused leave time and mustering-out pay, to which an honorable discharge entitled him. Plaintiff's two applications—to the AFDRB and the AFBCMR—were consolidated for procedural convenience. The Air Force instructed the AFDRB to supply its views to the AFBCMR, which would adjudicate the applications.

The AFDRB recommended and the AFBCMR determined that reference to AFM 39–12 should be deleted from plaintiff's records. Instead, reference to "10 U.S.C. § 1553," the AFDRB enabling statute, was inserted as the basis for his discharge. Further, the AFBCMR instructed plaintiff to provide to the Air Force Accounting and Finance Center the documentation necessary to obtain payment on his claims for monetary relief.

On December 22, 1981, plaintiff wrote a letter to the Accounting and Finance Center requesting mustering-out pay and payment for unused leave time. The Center responded that it had no record of the amounts due plaintiff because his pay records had been routinely destroyed due to the passage of time. The Center requested that plaintiff provide the documentation required to demonstrate his entitlement to payment. Although plaintiff failed to comply, counsel for defendant certified after the commencement of this suit that plaintiff had not received mustering-out pay. This certification substituted for the documentation plaintiff failed to provide. Consequently, plaintiff's claim for mustering-out pay was satisfied, although he never

---

cence of the charges is not of significance to the outcome of this case. The AFBCMR decision plaintiff challenges here did not assess the truth of the charges against plaintiff. Instead it granted him relief based upon a change in Air Force policy. The only substantive question before the Court is whether the AFBCMR acted appropriately.

**2.** An individual honorably discharged from the Air Force is entitled to mustering-out pay.

This is the Air Force equivalent of severance pay.

**3.** Upon discharge from the armed forces, a service member is issued a discharge certificate called a "DD–214." The DD–214 is a 7-ply form, only 4 copies of which provide information regarding the statutory or regulatory authority for discharge. These copies are not available to the public.

received payment for unused accrued leave time.[4]

## NEITHER THE STATUTE OF LIMITATIONS NOR THE DOCTRINE OF LACHES BARS PLAINTIFF'S SUIT.

■ Defendant argues that plaintiff's action arose at the time of his discharge in 1955 and therefore is barred by 28 U.S.C. § 2401(a), which sets a six year statute of limitations for civil suits against the government. Initially, it is not clear that § 2401(a) is the applicable statute of limitations for cases of this type. *See Walters v. Secretary of Defense,* 533 F.Supp. 1068, 1970 (D.D.C.1982) *appeal docketed* No. 82–2089 (D.C.Cir. Sept. 17, 1982); *Calhoun v. Lehman,* C.A. No. 78–0988 (D.D.C. Jan. 27, 1982). *See also Reeves v. Marsh,* C.A. No. 82–3439 (D.D.C. June 7, 1983). Moreover, even if the six year limitations period applies, the Court finds that plaintiff's claim is not time barred because it arose in 1979, well within the statutory period.

Generally, all avenues of military administrative appeal must be exhausted before a plaintiff may seek judicial review. *See Knehans v. Alexander,* 566 F.2d 312, 315 (D.C.Cir.1977) *cert. denied,* 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 83 (1978). Further, in *Wood v. Secretary of Defense,* 496 F.Supp. 192, 197–98 (D.D.C.1980), this Court held that a plaintiff's cause of action does not accrue until after he has been denied relief by the relevant review board. In this case, plaintiff is seeking review of a decision by the AFBCMR which occurred in 1979. Accordingly, the Court finds that this action did not accrue until 1979 and is therefore not time barred. Moreover, to hold that the Court could not review AFBCMR decisions which were issued more than six years after the original discharge, would render these decisions unreviewable, contrary to this Court's well established authority to review such decisions. *See, e.g., Amato v. Chafee,* 337 F.Supp. 1214, 1216–17

(D.D.C.1973). *See also Walters v. Secretary of Defense,* 533 F.Supp. 1068, 1071 n. 6 (D.D.C.1982) *appeal docketed* No. 82–2089 (D.C.Cir. Sept. 17, 1982).

■ In addition to their statute of limitations claim, defendants assert that plaintiff's suit is barred by laches. In support of this claim, defendants assert that plaintiff has not been diligent in pursuing his cause of action. Defendants further argue that this asserted lack of diligence has resulted in prejudice to them because a fire in 1973 destroyed records needed to provide the defense in this case. The facts demonstrate, however, that plaintiff has been very diligent in pursuing his claim. Prior to the Air Force's 1977 policy change he thrice attempted to obtain vindication through the military administrative processes. Subsequent to the 1977 policy change which opened the door for plaintiff's relief, he applied several additional times to the AFBCMR and AFDRB, finally filing suit in this Court.

Moreover, the Court is unswayed by the prejudice defendants assert. Defendants have not explained how a fire in 1973 could have effected their defense of the AFBCMR's 1979 decision and the Court finds that their papers have adequately defended this decision without whatever records may have been destroyed. Additionally, the Court is unwilling to impose upon plaintiff the penalty for such a fortuity as a fire destroying defendants' records. Accordingly, the equities do not support defendants' assertion of laches and it will be rejected.

## THE DECISION OF THE AFBCMR WAS REASONABLE AND WILL BE AFFIRMED.

■ Plaintiff challenges the AFBCMR decision in two respects. First, he objects to the AFBCMR's refusal to remove the reference to 10 U.S.C. § 1553 on his non-public honorary discharge certificate as au-

---

4. The Accounting and Finance Center informed plaintiff that in order to prove his entitlement to pay for unused leave time he must produce his original discharge certificate. Plaintiff objects to producing this certificate because he argues that to do so would propagate the taint of his original undesirable discharge.

thority for his discharge and replace it with a notation that he was released upon "expiration of service." Second, he seeks payment for unused accrued leave time. In reviewing cases of this type, the Court must uphold the Board's decision unless it is arbitrary, capricious, unsupported by substantial evidence or contrary to law. *See, e.g., deCicco v. United States,* 677 F.2d 66, 70 (Ct.Cl.1982); *Powell v. Marsh,* 560 F.Supp. 636, 641 (D.D.C.1983). The Court holds that the AFBCMR's actions on both points clearly withstands this standard of review.

There are numerous problems with plaintiff's assertion that any reference to 10 U.S.C. § 1553 should be removed from his discharge certificate in favor of the fictitious notation he proposes. Initially, plaintiff has demonstrated no stigma that may result to him as a result of this notation and any stigma that plaintiff could demonstrate in the abstract is unlikely to occur in light of the fact that this section is only noted on the *non-public* copies of plaintiff's discharge certificate. Indeed, it is a matter of law that no stigma attaches to an *honorable* discharge even if a serviceman's confidential records indicate that the discharge had been upgraded. *See Sims v. Fox,* 505 F.2d 857, 862–63 (5th Cir.1974) (*en banc*), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975). *Accord Woodward v. Moore,* 451 F.Supp. 346, 349 (D.D.C.1978).

Even if someone were able to discover plaintiff's non-public certificate and find the reference to 10 U.S.C. § 1553, the Court finds that stigmatization would be an unlikely result. This section merely authorizes the AFDRB and is neutral in content. Consequently, the Court is not convinced that reference to this section implies misconduct on plaintiff's part and therefore sees no capriciousness or abuse of discretion by the AFBCMR in declining to remove it.

Indeed, there is a sound reason supporting the AFBCMR's decision to retain the reference to 10 U.S.C. § 1553 in plaintiff's records—this section does in fact constitute the statutory basis for plaintiff's honorable discharge. The Court can not find fault with the AFBCMR's refusal to construct a fictional basis to replace the true one. Accordingly, the Court holds that the AFBCMR's decision to retain this statutory reference on plaintiff's discharge certificate is not arbitrary, capricious, contrary to law or unsupported by substantial evidence.

Plaintiff's second contention deals with the denial of his claim for pay for unused accrued leave. That claim was denied by the Air Force Accounting and Finance Center when plaintiff failed to provide the necessary documentation to demonstrate his entitlement to payment. However, in this suit plaintiff can challenge only the action taken by the AFBCMR. The AFBCMR merely referred plaintiff to the Accounting and Finance Center with instructions to supply the documents required to support his claim. This action was clearly proper and will therefore be affirmed.

An order in accordance with the foregoing will be issued of even date herewith.