**Charles A. TEMPLE**

v.

**Verne ORR, Secretary of the Air Force.**

**No. 3–83–0437.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 9, 1984.

George E. Copple, Jr., Nashville, Tenn., for plaintiff.

Joe B. Brown, U.S. Atty., Nashville, Tenn., Richard R. James, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JOHN T. NIXON, District Judge.

Plaintiff, Charles A. Temple, brings this action pursuant to 10 U.S.C. § 1552 seeking this Court to declare invalid his convictions of general courts-martial, to invalidate his dishonorable discharge and to grant him an honorable discharge, all mili-

tary benefits and backpay. For the reasons discussed below, this case is DISMISSED.

Plaintiff was convicted by general court-martial in 1948 for auto theft, robbery and assault with intent to rob. Plaintiff was sentenced to ten (10) years confinement, to forfeit all pay and allowances and was dishonorably discharged from the United States Air Force. In February, 1949, plaintiff was convicted by a second general court-martial for escape, auto theft, theft of government property and two counts of assault. A third assault conviction was vacated upon examination by the Air Force Board of Review. Plaintiff was sentenced to be dishonorably discharged, to forfeit all pay and allowances and to be confined for ten (10) years. Plaintiff was paroled in January, 1957. In October, 1960, plaintiff was convicted by the State of Tennessee and confined until 1962, whereupon plaintiff was returned to the custody of the federal prison system as a federal parole violator. While confined, plaintiff sought review of his courts-martial convictions by the Air Force Board for Correction of Military Records (AFBCMR or Board). Plaintiff alleged as grounds for such review that he had enlisted while a minor. The Board denied such application, stating that plaintiff had presented no "additional material evidence tending to show the commission of an error or injustice." In the same year, plaintiff brought a petition for writ of habeas corpus in the United States District Court for the Northern District of Georgia. Plaintiff alleged that the military courts-martial lacked in personam jurisdiction due to his minority enlistment and that he had been tried under a superseded statute. The petition was denied and any appeal was rendered moot upon plaintiff's release from custody in July, 1963.

In 1968, plaintiff again sought relief from the aforementioned courts-martial convictions from the AFBCMR. Plaintiff listed as grounds his youth and inexperience at the time of the courts-martial, that all the defendants were represented by the same counsel, insufficiency of evidence, statements of co-defendants were improp-

erly admitted, the offenses should have been consolidated into one general court-martial and that improper treatment and interrogation hindered the preparation of his defense. In 1969, his application was again denied by the Board.

Ten years later, in 1979, plaintiff brought an action in the United States District Court for the Middle District of Tennessee regarding the 1948–49 courts-martial convictions. In this instance, plaintiff alleged error in that all co-defendants were represented by the same counsel, the evidence was insufficient, confessions of co-defendants were improperly admitted, the two courts-martial were not consolidated, and harsh treatment of plaintiff rendered him unable to assist the defense attorney in preparation of his defense. Plaintiff alleged that such errors denied him the right of confrontation, the effective assistance of counsel and that his due process rights were violated. In 1980, in an effort to insure exhaustion of administrative remedies, plaintiff took a voluntary nonsuit in his federal lawsuit and again looked to the AFBCMR for relief. In 1983, after a third review of plaintiff's application and military records, the Board denied such application. Plaintiff then brought this federal action before the Court seeking redress for his courts-martial convictions.

■ It is the opinion of this Court that, with the exception of the allegations in Paragraph 15(e) of plaintiff's petition regarding ineffective assistance of counsel, plaintiff's action is barred by the applicable statute of limitations, which provides:

> Every civil action commenced against the U.S. shall be barred unless the complaint is filed within six years after the right of action first accrues.

28 U.S.C. § 2401(a). It is undisputed that the facts of which plaintiff now complains were known to him at the time of the courts-martial and, while the Court is sympathetic to the subsequent accrual of claims due to later appellate decisions, the time for asserting claims not arising from these later decisions has lapsed. *See gen-*

erally *Ballenger v. Marsh,* 708 F.2d 349 (8th Cir.1983) (dishonorably discharged veteran's claims which had accrued on discharge date in 1923 were not properly before court since six-year limitations period had expired).

This Court is aware of the ample authority for the proposition that federal courts shall not intervene on the merits of military cases until military remedies are exhausted. *Quinn v. Laird,* 89 S.Ct. 1491, 1492, 23 L.Ed.2d 34, 35 (1969); *Von Hoffburg v. Alexander,* 615 F.2d 633, 641 (5th Cir. 1980). *Cf. Mosley v. Secretary of the Navy,* 522 F.Supp. 1165, 1167 n. 5 (E.D.Pa. 1981) (accrual date is date of discharge but statute of limitations is tolled while administrative remedies are being pursued). However, plaintiff's prolonged abuse of the exhaustion doctrine; namely, a thirty-five year evolution of the facts surrounding his two courts-martial in 1948–49, cannot be condoned. The generosity of the AFBCMR in waiving its three-year statute of limitations, 10 U.S.C. § 1552(b), cannot be expected to resuscitate claims from progressing factual recants. It is gratifying that plaintiff acknowledges in his petition that he has exhausted such remedies subsequent to the denial of his third application to the AFBCMR in 1983, but this Court cannot extend the period for the statute of limitations every time plaintiff comes forth with facts not contained in the record of the courts-martial proceedings nor previously asserted before the Air Force Board. To permit such dilatory tactics would be to encourage a time-delayed recollection of potential causes of action and thereby defeat the purpose of 28 U.S.C. § 2401.

■ Plaintiff relies on *Bruton v. U.S.,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), made retroactive by *Roberts v. Russell,* 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), as providing a claim "inherently unknowable" at the time of his courts-martial. The *Bruton* rule, regarding admissibility of confessions of co-defendants, was cited in plaintiff's 1968 application to the AFBCMR. The Board rejected plaintiff's argument in that the overwhelming evidence against plaintiff irrespective of the confessions of his co-defendants was sufficient to establish guilt beyond a reasonable doubt. *See Parker v. Randolph,* 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979) (admission at joint trial of interlocking confessions of co-defendants is not an infringement of right of confrontation secured by Sixth and Fourteenth Amendments). *Id.* at 72, 99 S.Ct. at 2138. Furthermore, in *Bruton,* the Supreme Court addressed the devastating consequences to a nonconfessing defendant of admitting incriminating statements of nontestifying co-defendants. Plaintiff in the present case did confess at his first court-martial in 1948, and consequently that proceeding does not fall within the scope of *Bruton. Parker v. Randolph,* 442 U.S. at 72–73, 99 S.Ct. at 2138–39. Assuming, *arguendo,* that plaintiff's second court-martial violated *Bruton,* such claim would have expired in 1975, six years after the unfavorable ruling by the AFBCMR.

We are left with plaintiff's claim of ineffective assistance of counsel, arising from the joint representation of plaintiff and his co-defendants by the same counsel. The accrual of such claim is allegedly revived by the Supreme Court's decision in *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), a decision which plaintiff felt would "demonstrate the existence of probable material error or injustice" required by the AFBCMR before a hearing may be initiated. The Board remained unconvinced that plaintiff's application contained the requisite newly discovered relevant evidence that would expose material error or injustice.

■ It is often noted that, of necessity, "[m]ilitary law ... is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment." *Parker v. Levy,* 417 U.S. 733, 744, 94 S.Ct. 2547, 2556, 41 L.Ed.2d 439 (1974); *Burns v. Wilson,* 346 U.S. 137, 140, 73 S.Ct. 1045, 1047, 97 L.Ed. 1508 (1953). In attempting to balance military concerns against the equally significant interest of insuring fairness to servicemen charged

with military offenses, Congress has created an integrated system of military courts and review procedure. *Schlesinger v. Councilman,* 420 U.S. 738, 757, 95 S.Ct. 1300, 1312, 43 L.Ed.2d 591 (1975). Consequently, the role of the federal judiciary with respect to internal military affairs is restricted. A federal court may offer relief from the findings of the AFBCMR only if its action was found to have been arbitrary or capricious or unsupported by substantial evidence. *Baker v. Schlesinger,* 523 F.2d 1031, 1035 (6th Cir.1975), *cert. denied,* 424 U.S. 972, 96 S.Ct. 1473, 47 L.Ed.2d 741, *reh'g denied,* 425 U.S. 966, 96 S.Ct. 1752, 48 L.Ed.2d 211 (1976); *Sanford v. United States,* 399 F.2d 693, 694 (9th Cir.1968). The record in the present case does not reflect such a finding.

■ It is the opinion of this Court, upon careful consideration of the actions of the AFBCMR in regards to plaintiff's claim of ineffective assistance of counsel, that its determination was neither arbitrary nor capricious and furthermore, that its decision is supported by substantial evidence in the record. Moreover, it is questionable at best that plaintiff's claim was revived by *Holloway v. Arkansas* in 1978. Without this, plaintiff's ineffective assistance of counsel claim would be barred by the six-year statute of limitations because, as previously observed, mere review by the AFBCMR does not create a new date of accrual. In any event, it is not evident from the record that plaintiff has demonstrated "that an actual [and not merely possible] conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). *See United States v. LaRiche,* 549 F.2d 1088, 1095 (6th Cir.), *cert. denied,* 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977) (defendant alleging conflict of interest must show that conflict as well as prejudice thereby; a mere possibility of prejudice is insufficient).[1]

For the foregoing reasons, this case is ORDERED dismissed.

---

1. It is not insignificant to postulate on plaintiff's likelihood for a favorable verdict in the two courts-martial had he received independent counsel. The evidence connecting him to the crimes is overwhelming. In the first court-martial, plaintiff's confession coupled with those of his co-defendants clearly inferred guilt. In the second trial, eyewitness accounts of plaintiff's acts, as well as the scattered trail of physical evidence plaintiff left in his wake, is sufficient to prove plaintiff's willing participation in each of the crimes. In *United States v. Jones,* 436 F.2d 971 (6th Cir.1971), the Sixth Circuit surmised the defendant's predicament as having nothing to do with ineffective representation. On the contrary, his problems arose from the prosecution's possession of clear and admissible proof of his guilt. *Id.* at 972. The court noted that defendant's confession and the testimony of two accomplices was more than sufficient to establish his guilt. *Id.*