James A. LONG, Plaintiff,

v.

The UNITED STATES of America, DEPARTMENT OF DEFENSE and Department of the Army, Defendants.

No. 82 Civ. 3398.

United States District Court,
E.D. New York.

Aug. 19, 1985.

James A. Long, Brooklyn, N.Y., Eugene Prosnitz, New York City, for plaintiff.

Asst. U.S. Atty. Susan Rogers, E.D.N.Y., for defendant.

Lt. Col. Marshall M. Kaplan, Lt. Col. Joyce E. Peters, Major Wayne H. Price, Office of the Judge Advocate General Department of the Army (on the brief), for defendant Dept. of Defense, Dept. of the Army.

GLASSER, District Judge:

Defendants, the Department of Defense and the Department of the Army[1] have moved for summary judgment dismissing plaintiff's complaint. Plaintiff has cross-moved for an order granting him leave to amend his original complaint. For the reasons set forth below, defendants' motion for summary judgment is granted and plaintiff's cross-motion to amend his complaint is denied.

*Military Background*

Plaintiff was enlisted in the Army from August 30, 1955 through July 26, 1960, when he was separated with an undesirable discharge for unfitness based on "frequent acts of a discreditable nature with military authorities." Plaintiff subsequently sought relief from the Army Discharge Review Board ("ADRB") in 1960, 1969 and 1979, stating that he should have been discharged for unsuitability due to alcoholism, rather than unfitness. He requested an upgrade of his discharge to honorable, or, in the alternative, a medical retirement.

In 1979 the ADRB granted plaintiff's application and upgraded his discharge to a general discharge under honorable conditions. The ADRB concluded that plaintiff

---

**1.** Captain Charles Logan was named as a defendant in the original complaint. The parties agreed, however, in a stipulation dated March 19, 1985, to dismiss the action against Captain Logan, pursuant to Fed.R.Civ.P. 41(a)(1)(i).

had been properly discharged but based its decision in part on its findings that the Army policy on alcohol abuse had changed and that alcohol abuse may have contributed to some of plaintiff's acts of misconduct.

Plaintiff subsequently applied to the Army Board of Correction of Military Records ("ABCMR") on March 30, 1981, requesting that his records be changed to show that he was medically retired, or, alternatively, that his discharge be further upgraded to an honorable discharge. On August 11, 1982 the ABCMR denied his application. Subsequent to this denial, on November 4, 1982, plaintiff commenced this action.

### Procedural History

Defendants' motion to dismiss or for summary judgment was originally filed in September 1983 and was subsequently adjourned numerous times at plaintiff's request. In January 1985 plaintiff filed a cross-motion for leave to amend his complaint. In March 1985, defendants filed a renewed motion for summary judgment. Defendants' motion is based on several grounds: (1) this Court lacks subject matter jurisdiction because sovereign immunity bars plaintiff's claims against the Department of Defense and the Department of the Army; (2) plaintiff has no tort remedy under the Federal Tort Claims Act;[2] (3) plaintiff's claims are barred by the statute of limitations; (4) plaintiff's claims are barred by the doctrine of laches; and (5) plaintiff has failed to state a claim upon which relief can be granted.

In his original *pro se* complaint, plaintiff alleges two causes of action. First, plaintiff claims that the actions of army officials in taking disciplinary actions against him for "administrative elimination" were contrary to applicable Army regulation and in violation of his constitutional and civil rights. Plaintiff alleges that these actions make out a "prima facie tort" which has caused him irreparable harm and has damaged his reputation. Plaintiff seeks $5 mil-

lion in compensatory damages for these alleged violations. Second, plaintiff claims that the charge of sodomy filed against him by former defendant Captain Logan was maliciously fabricated. He also claims that his subsequent conviction, by a special court-martial, adversely affected the administrative determination to discharge him for unfitness, and that as a result of the accusation of homosexuality he has been stigmatized and caused great embarrassment. Plaintiff seeks $15 million in punitive damages for these alleged wrongdoings.

Plaintiff's proposed amended complaint attempts to remedy certain errors in the original complaint and to clarify the issues raised therein. In the proposed amended complaint, plaintiff characterizes his claims as follows. First, he alleges that he has established a service-connected physical disability (chronic alcoholism), and that the refusal of the ABCMR to recognize his disability and award him disability retirement benefits was arbitrary and capricious and not supported by substantial evidence. Second, plaintiff claims that the refusal of the ADRB to grant him a disability retirement in 1979 when it upgraded his discharge was similarly arbitrary and capricious.

### Discussion

#### 1. *Motion for Summary Judgment*

 Defendants correctly point out that one cannot sue the United States without its consent and a court does not have jurisdiction over a suit against the United States to which it has not consented. *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). Suits for money damages against the United States, its agencies and instrumentalities, cannot be maintained unless there is an "unequivocally expressed" waiver of sovereign immunity. *United States v. Testan,* 424 U.S. 392, 399–401, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). Such a

**2.** During oral argument on June 14, 1985, plaintiff stated that he no longer alleges any tort

claim.

waiver is most often found in the form of a statute. For example, 28 U.S.C. § 2410 waives sovereign immunity in suits challenging tax liens and permits a taxpayer to contest the validity of a tax lien and levy so long as he does not seek collaterally to attack the underlying tax assessment. There has been no such waiver in the instant case. Therefore, to the extent that plaintiff's suit seeks money damages against the United States Department of Defense and Department of the Army, it is barred by the doctrine of sovereign immunity.[3]

■ Even if this Court did have subject matter jurisdiction, however, the statute of limitations clearly bars plaintiff's claims. Plaintiff alleges that his claims are not barred by the six year statute of limitations set forth in 28 U.S.C. § 2401(a),[4] relying on *Nethery v. Orr*, 566 F.Supp. 804 (D.D.C.1983). In *Nethery*, the court refused to apply 28 U.S.C. § 2401(a) to bar plaintiff's claim for an upgraded discharge. The court pointed out that plaintiff must first exhaust administrative remedies before seeking judicial review, and, relying on its earlier decision in *Wood v. Secretary of Defense*, 496 F.Supp. 192, 197–98 (D.D.C. 1980), the court concluded that Nethery's cause of action accrued after he had been denied relief by the relevant review board, rather than when he had been discharged.

It is important to note, however, that the Court of Appeals for the District of Columbia, in *Walters v. Secretary of Defense*, 725 F.2d 107 (D.C.Cir.1983), *reh'g denied*, 737 F.2d 1038 (D.C.Cir.1984), a case decided after *Nethery v. Orr, supra*, overruled the *Wood* decision upon which *Nethery* was based. In *Walters*, unlike the instant case, the plaintiff had not obtained review by a military correction review board; however, the district court had proceeded to review

the claim. As the defendants here point out:

[T]he court of appeals expressed great concern over the district court's action for several reasons. "[I]n the context of the case at hand, [the District Court] went on to adjudicate a claim that had in its own words, 'not yet accrued.' ... In the broader context, the problems are even greater. The District Court's view of when the cause of action would accrue would virtually repeal the statute of limitations in a case such as Walters', where the plaintiff has not exhausted his administrative remedies. Once § 2401(a) is properly understood to apply to an action of this nature, such a result is untenable."

Defendants' Memorandum of Law in Support of Defendants' Renewed Motion for Summary Judgment, pp. 5–6. 725 F.2d at 114. Moreover, the *Walters* court stated that "the strong weight of authority is that the § 2401(a) limitations period begins to run when the service member's *administrative discharge is final.*" 725 F.2d at 114 (emphasis added). Hence, plaintiff's reliance on *Nethery v. Orr, supra*, is clearly misplaced.

Several other recent decisions confirm the applicability of § 2401(a). In *Geyen v. Marsh*, 587 F.Supp. 539 (W.D.La.) *appeal pending*, No. 84–4607 (5th Cir.1984), plaintiff sought to have his 1972 undesirable discharge upgraded to honorable. Plaintiff argued that his pursuit of various administrative remedies (*i.e.*, appeals to the ADRB and ABCMR) tolled the statute of limitations. The court disagreed and held that the language of 28 U.S.C. § 2401(a) requires a civil action to be initiated within six years after the right of action first accrues—which was when his undesirable discharge was awarded.

**3.** Plaintiff's original complaint sets forth two causes of action, both of which appear to seek monetary damages. However, it is not entirely clear what plaintiff is alleging and therefore I prefer to rely upon an additional basis for granting this motion.

**4.** Title 28 U.S.C. § 2401(a) reads:
 § 2401. Time for commencing action against United States
 (a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

This analysis was followed in *Pacyna v. Marsh*, 617 F.Supp. 101 (W.D.N.Y.1984) *aff'd mem.* 751 F.2d 374 (2d Cir.1984) (affirming on the record below). In *Pacyna*, the plaintiff, who retired from the army in 1962 and sought relief from the ABCMR in 1980 for denial of a promotion in 1952, was barred from bringing suit in 1983 on his claims. The district court found that the case was complete in 1952, when the plaintiff's application for promotion was rejected. The court said: " '[A] cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another.' *Konecny v. United States*, 388 F.2d 59, 65 (8th Cir.1967) *quoting Great American Ins. Co. v. Louis Lesser Enterprises Inc.*, 353 F.2d 997, 1001 (8th Cir.1965)." *Pacyna, supra,* at 102. The *Pacyna* court held:

> Plaintiff cannot revive his claim by applying to the ABCMR in 1981 and claiming that the 1982 decision revived the jurisdictional statute. To do this would permit a plaintiff to have the power to avoid the jurisdictional bar every time he submitted an application which was considered by the Board.

At 103.

Applying the principles set forth in *Geyen* and *Pacyna* to this case, it is clear that plaintiff's claims are untimely. Plaintiff did not diligently pursue his claims since 1960 when they accrued. Rather, he has done so at approximately ten year intervals. Allowing this case to proceed would render § 2401(a) meaningless and would

permit such suits to be filed any time a plaintiff obtains review or reconsideration by a military correction board. Hence, plaintiff's claims, brought more than 22 years after his right of action accrued in 1960, are barred by the statute of limitations imposed by 28 U.S.C. § 2401(a).

### 2. *Motion to Amend Complaint*

▮ Plaintiff has moved this Court pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend his original complaint and has submitted a proposed amended complaint which sets forth the claims described *supra* at 1282. Leave to amend a complaint should be "freely given ... when justice so requires." Fed.R.Civ.P. 15(a). However, leave may be denied "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of the amendment ... " Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (emphasis added). As discussed *supra*, plaintiff's proposed amended complaint merely remedies certain jurisdictional and other errors that existed in the original complaint but raises no new issues of material fact. Granting leave to amend the original complaint therefore would be futile, because even if leave to amend the original complaint was granted, plaintiff's claims would still be barred by the statute of limitations.[5]

---

**5.** Additionally, plaintiff's claims are barred by the doctrine of laches. Laches requires "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). Moreover, "the longer the delay, the less need there is to search for specific prejudice and the greater shift to plaintiff of the task of demonstrating lack of prejudice." *Cason v. United States*, 461 F.2d 784, 198 Cl.Ct. 650, 656 (1972), *rev'd on rehearing*, 471 F.2d 1225, 200 Ct.Cl. 424 (1973), citing *Gersten v. United States*, 364 F.2d 850, 176 Ct.Cl. 633 (1966).

With respect to the issue of diligence, it is generally recognized that any delay in excess of

the statutory limitation period raises a presumption that the delay is inexcusable. In *Mosley v. Secretary of the Navy*, 522 F.Supp. 1165 (E.D.Pa. 1981), the court held "when the suit is brought after the period of limitations, a rebuttable presumption arises that the delay is inexcusable and that defendant is prejudiced. Plaintiff must then come forward to rebut these presumptions." *Id.* at 1166–67.

Here the prejudice suffered by the defendant is manifest. It would be difficult if not impossible to locate competent witnesses at this time. Additionally, it is unlikely that accurate army records could be obtained. Moreover, plaintiff has offered no reasonable explanation for this 22 year delay or for the time that elapsed between each of his efforts to pursue administra-

## Conclusion

For the reasons stated herein, defendants' motion for summary judgment is granted and plaintiff's motion to amend his complaint is denied.

SO ORDERED.

tive remedies, all of which exceeded the statutory limitation. Hence, this action would also be barred by the doctrine of laches.