Damon L. **FERGUSON, Plaintiff,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, MaBSTOA, Metropolitan Transportation Authority, and United States Department of Transportation, Defendants.**

**No. 01–CV–1259.**

United States District Court, E.D. New York.

June 19, 2002.

Damon L. Ferguson, Bronx, NY, plaintiff pro se.

Cardyn Lisa Miller, Assistant United States Attorney, Brooklyn, NY, for defendant.

### ORDER

GERSHON, District Judge.

Plaintiff Damon Ferguson brings this action against the New York City Transit Authority ("TA"), the Manhattan and Bronx Surface Transit Operating Authority ("MaBSTOA"), the Metropolitan Transportation Authority ("MTA"), and the United States Department of Transportation ("USDOT"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging that he was subjected to illegal race and sex discrimination while employed at the TA. He also brings state discrimination and tort law claims. Defendant USDOT now moves, pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss all claims against it for lack of subject matter jurisdiction. For the following reasons, the motion is granted.

■ The United States, as sovereign, is immune from suit except to the extent that it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). "Suits for money damages against the United States, its agencies[, or its] instrumentalities, cannot be maintained unless there is an 'unequivocally expressed' waiver of sovereign immunity." *Long v. United States Dep't of Defense*, 616 F.Supp. 1280, 1282 (E.D.N.Y. 1985) (quoting *Testan*, 424 U.S. at 399–401, 96 S.Ct. 948). If the conditions under which the government has consented to suit are not met, then the court lacks subject matter jurisdiction over the action. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Williams v. United States*, 947 F.2d 37, 39 (2d Cir.1991), *cert. denied*, 504 U.S. 942, 112 S.Ct. 2277, 119 L.Ed.2d 203 (1992).

■ The only waiver of sovereign immunity by the United States with respect to claims of race or sex discrimination in employment is found in Title VII. *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Section 2000e–16 of Title VII prohibits discrimination in federal employment based on race, color, religion, sex, or national origin. To maintain an action under § 2000e–16, an individual must be an applicant for federal employment, a current federal employee, or a former federal employee. 42 U.S.C. § 2000e–16(a); *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341–46, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). Ferguson nowhere alleges that he has ever applied for or accepted a position as a federal employee; the only employment relationship his second amended complaint discusses is his employer-employee relationship with the TA. He therefore cannot sustain a Title VII action against the US-DOT.

■ Ferguson is also barred from making claims against USDOT under the New York State or New York City Human Rights Laws. Because Title VII is the exclusive remedy for claims of race or sex discrimination against a federal employer, *Brown*, 425 U.S. at 835, 96 S.Ct. 1961, permitting state law discrimination claims against a federal employer where a Title VII claim is unavailable would undermine the exclusivity of Title VII. *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir.1998) (affirming dismissal of New York City and New York State Human Rights Laws claims on ground that "allowing state law discrimination claims to proceed ... would allow [the plaintiff] to evade the holding of *Brown* that Title VII provides the sole remedy for federal employees alleging employment discrimination" on the basis of race, sex, or the other grounds it prohibits).

■ Nor may Ferguson maintain his state tort claims against USDOT for negligent infliction of emotional distress, negligent supervision, or negligent retention. The exclusive remedy for tortious conduct by employees of a federal agency is a Federal Tort Claims Act ("FTCA") suit against the United States. *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir.1998). Aside from the fact that Ferguson has neither brought his state tort claims under the FTCA nor named the United States as a defendant, an actionable FTCA claim must be for injury caused by the negligent or wrongful conduct of a *federal employee*. *FDIC v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The alleged negligent conduct of which Ferguson complains, however, was committed by employees of non-federal entities: the MTA, the TA, and/or MaBSTOA. The only link Ferguson alleges between the USDOT and the latter entities is that US-DOT provides federal funds to those entities. But "the existence of federal funding, standing alone, does not establish an individual's status as a federal employee

and hence the government's liability under the Federal Tort Claims Act." *Haugen v. United States,* 492 F.Supp. 398, 401 (E.D.N.Y.), *aff'd,* 646 F.2d 560 (2d Cir. 1980); *see United States v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976) ("The Tort Claims Act was never intended, and has not been construed by this Court, to reach employees or agents of all federally funded programs that confer benefits on people."). Because Ferguson has alleged no more than a funding relationship between the USDOT and the employers of the individuals whose conduct he challenges, he could not have stated a valid FTCA claim against the USDOT even if he had brought one.

Because only Title VII or FTCA claims would be permissible against the USDOT on the facts Ferguson alleges, and Ferguson cannot satisfy either statute's prerequisites, sovereign immunity bars any recovery against USDOT in this action. Ferguson's claims against the USDOT are therefore dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**