Joseph M. DEMO

v.

The UNITED STATES.

No. 260–82C.

United States Claims Court.

Sept. 15, 1983.

James M. Levine, Oklahoma City, Okl., for plaintiff; Levine & Associates, P.C., Oklahoma City, Okl., of counsel.

Sara V. Greenberg, Washington, D.C., for defendant; Asst. Atty. Gen. J. Paul McGrath, David M. Cohen, Sandra P. Spooner, and Major Marshall M. Kaplan, Dept. of the Army, Washington, D.C., of counsel.

## OPINION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

WHITE, Senior Judge.

This military pay case is before the court on the plaintiff's motion and the defendant's cross-motion for summary judgment.

There does not appear to be any controversy between the parties concerning the material facts of the case.

For the reasons stated hereafter, it is concluded that the plaintiff's motion should be denied, and that the defendant's cross-motion should be granted.

### The Facts

The plaintiff, Joseph M. Demo, enlisted in the Army on November 15, 1965, for a period of 3 years. His military service included a 1-year tour of duty in Vietnam.

During his 3-year period of duty in the Army, the plaintiff was subjected to non-judicial punishment under Article 15 of the Uniform Code of Military Justice (10 U.S.C. § 815) on ten separate occasions, and he

was convicted by special courts-martial on three occasions.

Of the non-judicial punishments under Article 15, three of them were imposed before the plaintiff was transferred to Vietnam, two of them were imposed while he was serving in Vietnam, and the remainder were imposed after he returned to the United States.

The plaintiff was first convicted by special court-martial in Vietnam for sleeping upon his post at about 2:00 a.m. on October 24, 1967. The other convictions by special courts-martial occurred after the plaintiff returned to the United States from Vietnam. In one of these cases, the plaintiff was convicted of having, on June 17, 1968, failed to report for duty at work formation and at guard mount. In the other post-Vietnam conviction by special court-martial, the plaintiff was convicted of having, on July 11, 1968, escaped from lawful custody, of having wrongfully appropriated a military truck, and of having negligently damaged the truck by overturning it.

The commanding officer of the artillery battery to which the plaintiff was assigned at Fort Sill, Oklahoma, in 1968 submitted a recommendation that the plaintiff "be eliminated from the service under provisions of AR 635–212," with an undesirable discharge. This recommendation was approved by officers in the chain of command, i.e., the commanding officers of the 4th Battalion, 28th Artillery, of the III Corps Artillery, and of the USA First Field Artillery Brigade. It was finally approved by the Commanding General of the U.S. Army Artillery and Missile Center, who directed that an undesirable discharge certificate be furnished to the plaintiff.

On December 5, 1968, the plaintiff was separated from the Army and was issued an undesirable discharge certificate.

Shortly before his separation from the military service, the plaintiff underwent a medical examination, and he was evaluated as being physically normal. He also underwent a psychiatric evaluation, and the resulting diagnosis was as follows:

Passive-aggressive personality disorder, chronic, mild, manifested by episodes of drunkenness, misconduct, and failure to adapt to military life and discipline. PRECIPITATING STRESS: None, Routine military duty. PREDISPOSITION: Undetermined.

On February 1, 1971, the plaintiff's mother requested the Army Discharge Review Board to upgrade the plaintiff's discharge to honorable, contending that the misconduct which led to his undesirable discharge was the direct result of drug abuse, which caused a deterioration of his mental faculties. On April 4, 1972, the Army Discharge Review Board held that the plaintiff was properly discharged, and denied the appeal.

On September 5, 1972, the plaintiff applied to the Army Board for Correction of Military Records for relief, contending that he failed in his military duties because of the use of hard drugs. The Army Board for Correction of Military Records on January 9, 1974, determined "that insufficient evidence has been presented to indicate probable error or injustice," and denied the application.

At the direction of the President, there was established in January 1977 the Department of Defense Discharge Review Program (Special), under which military personnel from the Vietnam era who had been discharged with less than an honorable discharge (in the case of enlisted personnel) or separated under other than honorable conditions (in the case of officer personnel) might have the nature of the discharge or separation upgraded if they met certain criteria. The plaintiff applied for relief under this program; and, effective June 22, 1977, his discharge was upgraded to under honorable conditions (general).

On October 8, 1977, Congress enacted Public Law No. 95–126 (91 Stat. 1106), which (among other things) amended section 3103 of title 38, United States Code, by adding a new subsection designated as (e) and providing in part as follows:

* * * no benefits under laws administered by the Veterans' Administration shall be provided, as a result of a change

in or new issuance of a discharge * * *, except upon a case-by-case review by the board of review concerned, subject to review by the Secretary concerned, * * * of all the evidence and factors in each case under published uniform standards (which shall be historically consistent with criteria for determining honorable service and shall not include any criterion for automatically granting or denying such change or issuance) and procedures generally applicable to all persons administratively discharged or released from active military, naval, or air service under other than honorable conditions * * *.

In accordance with an expedited review procedure required by the new subsection (e), the plaintiff's upgraded general discharge was reviewed by the Army Discharge Review Board on April 28, 1978. The board voted unanimously not to affirm the plaintiff's upgraded discharge.

On December 21, 1978, the plaintiff again applied to the Army Discharge Review Board and asked that his discharge be upgraded to honorable. The plaintiff asserted that the existing bar to Veterans' Administration benefits under the provisions of 38 U.S.C. § 3103(e) constituted undue, unjust, and unusual punishment. This application was denied by the board on November 19, 1981.

For several years while the administrative proceedings that followed the plaintiff's separation from the Army were in progress, the plaintiff was having psychiatric problems.

The plaintiff was admitted to the Veterans' Administration hospital in Oklahoma City, Oklahoma, on November 24, 1970. The hospital's diagnosis was "Drug induced psychosis, marijuana"; and the hospital concluded that his illness began 3 months before his admission.

The plaintiff was discharged from the VA hospital on January 13, 1971. This hospital issued a "Certificate of Restoration to Mental Competency" to the plaintiff on January 20, 1971.

The plaintiff was admitted to the Central State Griffin Memorial Hospital, operated by the Oklahoma Department of Mental Health at Norman, Oklahoma, on July 31, 1972, and he was subsequently readmitted on numerous occasions. The state hospital's diagnosis was "Schizophrenia, paranoid type"; and, according to that hospital, the plaintiff's psychiatric illness appeared to have been precipitated by drug abuse and the plaintiff's traumatic experiences while serving in Vietnam.

The state hospital issued a "Certificate of Restoration to Mental Competency" to the plaintiff on March 22, 1978.

*The Basic Claim*

The allegations in the complaint [1] refer to the plaintiff's 3-year period of service in the Army, including active duty in Vietnam, and to his discharge in December 1968 under conditions other than honorable; and the complaint asserts that such discharge "was wrongful in that it was based upon improper and erroneous disciplinary action imposed on the Plaintiff during the term of his active duty service, and was granted without proper regard for the Plaintiff's diminished psychological and physical condition, which were a direct and proximate result of his active duty service."

The complaint seeks relief (1) in the form of money damages to reimburse the plaintiff for sums previously expended, and to be incurred after the filing of the complaint, for medical and psychological treatment, due to the defendant's allegedly wrongful denial of such treatment to the plaintiff; and (2) a court order directing that the allegedly wrongful discharge be upgraded so that the plaintiff will be entitled to the benefits of a military veteran discharged under honorable conditions.

Thus, the plaintiff's claim, as set out in the complaint, is based upon the allegedly wrongful 1968 action by the Army in sepa-

---

1. Filed as a petition in the former U.S. Court of Claims and transferred to the Claims Court pursuant to section 403(d) of the Federal

Courts Improvement Act of 1982 (Pub.L. 97–164, 97th Cong., 96 Stat. 25, 57–58).

rating the plaintiff with an undesirable discharge.

The statute of limitations that was applicable to the former Court of Claims, and is now applicable to this court, provides in pertinent part as follows:

Every claim of which the * * * [court] has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues. [28 U.S.C. § 2501.]

■ This language is plain and unambiguous, and the requirement that a petition (now complaint) *must* be filed within 6 years after the claim first accrues is jurisdictional. *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974).

■ In the present case, the plaintiff complains that he was wrongfully issued an undesirable discharge by the Army. The plaintiff's alleged cause of action accrued at the time of his discharge (*Mathis v. United States,* 183 Ct.Cl. 145, 147, 391 F.2d 938, 939 (1968)); and the plaintiff was separated from the Army on December 5, 1968, with the undesirable discharge of which he complains. Accordingly, the plaintiff had 6 years—and only 6 years—after December 5, 1968, or through December 4, 1974, within which to institute an action in the former Court of Claims. His petition in the Court of Claims was not filed until May 24, 1982, which was long after the expiration of the statutory limitations period.

It has been noted that proceedings instituted by or on behalf of the plaintiff for administrative relief were in progress before the Army Discharge Review Board or before the Army Board for Correction of Military Records from 1971 until 1978. Such proceedings were permissive, however; they did not toll the running of the statute of limitations (*Bruno v. United States,* 214 Ct.Cl. 383, 386, 556 F.2d 1104, 1106 (1977)); and adverse actions by the administrative boards on the plaintiff's requests for relief did not create a new cause of action (*Friedman v. United States,* 159 Ct.Cl. 1, 20–25, 310 F.2d 381, 393–96 (1962)).

Therefore, the plaintiff's basic claim, as set out in the complaint, is barred by the pertinent statute of limitations, and the court does not have jurisdiction to consider the merits of the claim.

*The Alternative Claim*

■ In his motion for summary judgment, the plaintiff asserts an alternative claim to the effect that the discharge under honorable conditions (general) which he received in June 1977 pursuant to the review procedure under the provisions of the Department of Defense Discharge Review Program (Special) entitled him to Veterans' Administration benefits, including medical benefits.

This contention would be correct if it were not for the effect on the plaintiff's case of the congressional action in adding the new subsection (e) to 38 U.S.C. § 3103, and the subsequent determination by the Army Discharge Review Board that, under the standards established pursuant to subsection (e), the plaintiff's upgraded discharge should not be affirmed.

In this connection, the plaintiff argues that his upgraded discharge was not subject to review by the Army Discharge Review Board. The plaintiff relies on a provision contained in 38 C.F.R. § 3.12.

Among other things, section 3.12, after providing in paragraph (d) that military personnel discharged under other than honorable conditions because of willful and persistent misconduct is not entitled to Veterans' Administration benefits, and providing in paragraph (h) that an honorable or general discharge awarded under the Department of Defense Discharge Review Program (Special) does not remove any bar to VA benefits, adds the following statement to paragraph (h):

However, if a discharge review board * * * determines on an individual case basis, in the case of a person who was issued an honorable or general discharge under * * * such program after October 8, 1977, that an upgraded discharge would be awarded under standards [prescribed in accordance with 38 U.S.C.

§ 3103(e) ] * * *, that determination removes any bar to benefits imposed by paragraph (d) of this section.

The plaintiff infers from the material just quoted from 38 C.F.R. § 3.12(h) that the military discharge review boards were authorized to review only those upgraded discharges under the Department of Defense Discharge Review Program (Special) that were granted *after* October 8, 1977. As the plaintiff's discharge was upgraded effective June 22, 1977, the plaintiff argues that his upgraded discharge was not subject to review by the Army Discharge Review Board; that the review by the Army Discharge Review Board in his case was ineffective; and that the upgraded discharge entitled him to Veterans' Administration benefits despite the adverse determination by the review board.

If the plaintiff's interpretation of the provision quoted from 38 C.F.R. § 3.12(h) were correct—*i.e.,* that under such provision only discharges upgraded after October 8, 1977, were subject to review by military discharge review boards—the provision would be contrary to 38 U.S.C. § 3103(e) and, therefore, void. Subsection (e) provided in plain, unequivocal language that "no benefits under the laws administered by the Veterans' Administration shall be provided, as a result of a change in or new issuance of a discharge, except upon a case-by-case review by the board of review concerned, subject to review by the Secretary concerned * * *." The legislative language did not make any distinction between discharges upgraded before the enactment or subsection (e) on October 8, 1977, and those upgraded after October 8, 1977. It was obviously applicable to any upgraded discharge, including the plaintiff's, irrespective of whether the discharge was upgraded before or after October 8, 1977.

Although the provision previously quoted from 38 C.F.R. § 3.12(h) is phrased somewhat awkwardly, it is presumed that the drafter intended for the provision to be in conformity with 38 U.S.C. § 3103(e), and that the provision in 38 C.F.R. § 3.12(h) was intended to cover situations where military discharge review boards, in conducting the discharge reviews required as a result of the enactment of 38 U.S.C. 3103(e) on October 8, 1977, determined that particular upgraded discharges were appropriate. Reviews of upgraded discharges by the military discharge review boards under the Department of Defense Discharge Review Program (Special) could not begin until after October 8, 1977, as that was the date on which 38 U.S.C. § 3103(e), providing for such reviews, was enacted.

As the Army Discharge Review Board, upon reviewing the plaintiff's upgraded discharge, declined to affirm it, the upgraded discharge was ineffective to qualify the plaintiff for Veterans' Administration benefits, because of the prohibition contained in 38 U.S.C. § 3103(e).

*Conclusion*

For the reasons stated in the opinion, the court concludes that there is no genuine issue as to any material fact in this case, that the plaintiff is not entitled to recover, and that the defendant is entitled to a judgment as a matter of law.

The plaintiff's motion for summary judgment is therefore denied, and the defendant's cross-motion for summary judgment is granted.

The complaint will be dismissed.

IT IS SO ORDERED.