Calvin GEYEN, Jr.

v.

John O. MARSH, Jr., Secretary of the
United States Army.

Civ. A. No. 83–2030.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

July 18, 1984.

Lonnie R. Smith, SW La. Legal Services,
Lake Charles, La., for plaintiff.

Lawrence W. Moon, Jr., Asst. U.S. Atty.,
Lafayette, La., Major Wayne H. Price, JAGC,
for defendants.

VERON, District Judge.

### RULING ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff Geyen filed suit in this court on
August 24, 1983 alleging various improprie-
ties by the Department of the Army during
his tenure with them from 1969 to 1972.
Plaintiff essentially seeks to have his unde-

sirable discharge from the service upgraded to an honorable one (with concomitant restoration of military benefits). Defendants John O. Marsh, Jr., Secretary of the United States Army and the United States Army (hereinafter "defendants" or the "Army") moved to dismiss or for summary judgment. After hearing oral argument on April 17, 1984 and analyzing the parties' submissions and applicable caselaw, the court grants defendants' motion to dismiss. Consequently, we do not reach defendants' motion for summary judgment.

## BACKGROUND

Plaintiff maintained throughout his checkered history with the Army that he be granted a hardship discharge in order to care for his aging and sickly parents. Plaintiff ultimately went AWOL for 2 years after denial of a second hardship discharge request, despite his being transferred back to Fort Polk, Louisiana, or 65 miles from his parents. Nonetheless, plaintiff's claim basically alleges that he was: (1) improperly activated from the reserves to active duty in 1969; (2) improperly denied a hardship discharge (twice) in 1970; (3) invalidly discharged in 1972 because his commanding officer lacked court-martial jurisdiction; and (4) improperly denied relief by the Army Board for Correction of Military Records ("ABCMR") finally in 1982 because its decision was arbitrary, capricious, unsupported by substantial evidence and contrary to law, regulation and fact. It is abundantly clear from the record, however, that plaintiff was a disciplinary problem from 1969 to 1972 and that he knowingly and voluntarily accepted an undesirable discharge in lieu of a criminal court martial after being AWOL for over two years prior to 1972.

Defendants' move to dismiss contending that 28 U.S.C. § 2401(a)'s 6-year statute of limitations bars all of plaintiff's claims against the United States since this suit was filed in 1983 and the alleged improprieties occurred during 1969–1972. In the alternative, defendants argue that laches would also bar plaintiff's claims. Plaintiff

counters, although erroneously, that exhausting administrative remedies "tolls" the statute of limitations and/or that President Carter's 1978 order granting additional administrative claims to veterans gave plaintiff a "new cause of action" from that date.

## THE STATUTE OF LIMITATIONS AND LACHES

■ 28 U.S.C. § 2401(a) provides:

[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues....

Thus, plaintiff's 1983 suit claiming improper Army actions in 1969, 1970 and 1972 is time-barred since not filed within six years after the right of action first accrued. *See generally Crown Coast Front Co. v. United States*, 386 U.S. 503, 510, 87 S.Ct. 1177, 1181, 18 L.Ed.2d 256 (1967) and *Neher v. United States*, 265 F.Supp. 210, 216 (D.Minn.1967). Failure to bring an action within the time specified is a jurisdictional bar to the claim. *United States v. Sams*, 521 F.2d 421 (3d Cir.1975); *Mann v. United States*, 399 F.2d 672 (9th Cir.1968).

More specifically, plaintiff's claim of wrongful activation (despite missing numerous reserve meetings and disregarding specific warnings) accrued on April 30, 1969 when plaintiff was ordered and did report, to Fort Polk, Louisiana. He could have contested administratively or through habeas corpus petitions that the military was holding him illegally from that date until six years later. Likewise, plaintiff could have sought review of his hardship discharge denials (although the Army did transfer him from Germany back to Fort Polk to be within 65 miles of his parents) within six years of hardship-discharge denial in January and March of 1970. Lastly, plaintiff could only have sought recharacterization of his undesirable discharge within his six years after August, 1972.

■ In any event, plaintiff sought no review from any administrative board or court with the power to act on his claims until he applied to the ABCMR on Decem-

ber 26, 1979—some 7 to 10 years after the various rights of action had first accrued under 28 U.S.C. § 2401(a). The first time plaintiff pressed his claims for wrongful activation and hardship-discharge denial was to the Army Discharge Review Board (ADRB) on December 17, 1979, some 10 to 11 years after plaintiff had knowledge of all the facts surrounding those allegations. Furthermore, the ADRB has no power to revoke any discharge. *See* 32 C.F.R. 581.-2(3)(c).

■ Plaintiff makes the argument that pursuing various administrative remedies tolls the statute of limitations until August, 1982, when the ABCMR made its final ruling denying all of plaintiff's claims. But, such action can not toll what has already expired. Clearly the 6-year limitation period had already run, even considering the August, 1972 discharge date, before plaintiff sought *any* serious review of his allegations until December of 1979. Alternatively, plaintiff argues that the statute of limitations should run from the date of the ABCMR decisions in 1979, 1981 and 1982. But, § 2401(a) plainly requires beginning the limitations period when the complained of Army actions took place, i.e. 1969, 1970 or 1972. Caselaw supports this view—a right of action contesting a discharge first accrues at the date of discharge. *See Walters v. Sec. of Defense*, 725 F.2d 107 (D.C.Cir.1983); *Nichols v. Hughes*, 721 F.2d 657 (9th Cir.1983); *Ballanger v. Marsh*, 708 F.2d 349 (8th Cir. 1983) and *Demo v. United States*, 3 Cl.Ct. 349 (1983).

■ Plaintiff also argues that President Carter's program issued through the Army granting "new reviews to claims last reviewed before March 31, 1978" gives him an absolute right to the instant cause of action in the federal district court, ostensibly purporting to waive 28 U.S.C. § 2401(a)'s provisions. The simple answer to this argument is that the mere granting of a "new review" for previously denied claims cannot overcome the 6-year period in which Congress decided to waive the United States sovereign immunity in 28 U.S.C. § 2401(a). The Army's 1978 order clearly

cannot revive causes of action against the United States where the statute of limitations has already run nor can it repeal an act of Congress. Since the ADRB was created to relieve Congress of the need to pass private legislative relief which know no time limits, Congress allowed applicants to petition the ADRB within 15 years, but absolutely has not waived sovereign immunity for the same time period.

Plaintiff, nonetheless, cites *Kaiser v. Secretary of the Navy*, 525 F.Supp., 1226 (D.D.C.1981), to support his position that the § 2401(a) does not apply here. The D.C. Circuit has now specifically overruled *Wood v. Secretary of Defense*, 496 F.Supp. 192 (D.D.C.1980) which *Kaiser* had relied on. *See Walters v. Secretary of Defense*, 725 F.2d 107 (D.C.Cir.1983). *Walters* specifically rejected it's district court's analysis in *Wood* and held that 28 U.S.C. § 2401(a)'s bars equitable claims for discharge upgrade brought more than six years after the date of discharge.

Despite all legal arguments presented here, plaintiff's undesirable discharge did not result from any procedural defects or hardship denials or any lack of Administrative review. Regardless of any events pre-1970, the simple fact remains that plaintiff voluntarily accepted his undesirable discharge to escape criminal court martial after being AWOL for over two years. To hold the six-year statute of limitations inapplicable here would be to give plaintiff another chance or a reward to seek reversal of a discharge he brought upon himself.

■ Even if plaintiff's claim were not time-barred under some theory, defendants would be entitled to dismissal for laches. In this circuit, the doctrine of laches has three elements: (1) excessive delay by the plaintiff in filing suit; (2) the delay was inexcusable; and (3) there is undue prejudice to the defendant as a result of the unexcusable delay. *Ecology Center of Louisiana, Inc. v. Coleman*, 515 F.2d 860, 867 (5th Cir.1975). And, "... the longer the delay, the less need there is to search for specific prejudice and the greater the shift to plaintiff of the task of demonstrating lack of prejudice." *Cason v. United*

*States,* 461 F.2d 784, 198 Cl.Ct. 650, 656 (1972). Furthermore, in *Mosley v. Secretary of the Navy,* 522 F.Supp. 1165, 1166 (E.D.Pa.1981) the court held that the analogous statute of limitations period could be used as a presumption of inexcusability. *See also Gruca v. United States Steel Corp.,* 495 F.2d 1252, 1258 (3d Cir.1974).

■ Of course, plaintiff herein slept on his rights from 1969, 1970 or 1972 until the Army's invitation to re-review awakened him in 1978. And, nonetheless, possible trial in this court in 1984, some 13 to 15 years after the causes of action arose certainly prejudices defendants. Records surrounding plaintiff's case are missing and it may be impossible now to find witnesses necessary to defend this lawsuit. Any witnesses who might be found could hardly be expected to recall administrative acts some 15 years ago. Plaintiff's sole contention concerning laches is that the Army's 1978 grant of a new review renders the laches problem inapplicable. For the reasons already stated above that re-review does not override Congressional intent, we find that plaintiff has not rebutted the presumption of inexcusable delay and prejudice established by defendants. Consequently, we dismiss plaintiff's claims under the alternative ground of laches.

For the foregoing reasons, defendants' motion to dismiss is GRANTED.