**LUNDAY–THAGARD COMPANY**

v.

**UNITED STATES DEPARTMENT OF
the INTERIOR.**

**Civ. A. No. 83–3006.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Dec. 6, 1984.

Ruling on Motion for
Reconsideration Feb. 4, 1985.

Jerry E. Rothrock, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., A. Lane Plauche, Plauche, Smith & Nieset, Lake Charles, La., for plaintiff.

Joseph S. Cage, Jr., U.S. Atty., Lawrence Moon, Asst. U.S. Atty., Shreveport, La., Richard K. Willard, Acting Asst. Atty. Gen., Stephen E. Hart, Thomas Millet, Attys., Civ. Div., Dept. of Justice, Washington, D.C., for defendant.

## RULING ON MOTION TO DISMISS

VERON, District Judge.

### A. Introduction

In December 1983, Plaintiff Lunday-Thagard Company ("Lunday-Thagard" or the "Company") brought this action seeking recovery of, and treble damages for, the "overcharges" allegedly collected by the Department of the Interior ("DOI") in the sale of crude oil to Lunday-Thagard from June 1976 through January 1981, in violation of the Department of Energy's ("DOE") Mandatory Price Regulations in effect during that period. The Company's suit is based upon section 5(a)(1) of the Emergency Petroleum Allocation Act of 1973 ("EPAA"), 15 U.S.C. § 754(a)(1), which incorporates the private action provision, section 210, of the Economic Stabilization Act of 1970 ("ESA"), 12 U.S.C. § 1904 note. The DOI would have us dismiss the suit for want of subject matter jurisdiction, arguing that Congress has not waived the

**4**

United States' sovereign immunity for claims based upon section 210 of the ESA. Alternatively, the DOI seeks dismissal on the grounds that the suit has prescribed by the passing of one year under Article 3536 of the Louisiana Civil Code.

## B. Facts

Between April 1973 and January 1981, the DOI entered into several contracts with Lunday-Thagard to supply it domestic crude oil, each incorporating the EPAA by reference. The EPAA empowered the President to allocate and price domestic crude in wake of the Arab Oil Embargo, *see* § 4(a) of the EPAA, and the DOE adopted a "two-tier" price ceiling to implement it: "old crude" carried a maximum price of $5.25 per barrel, but "new crude" could be sold for the then free-market price of $14.00 per barrel. *See* 39 Fed.Reg. 1924 (Jan. 15, 1974); 41 Fed.Reg. 4931 (Feb. 3, 1976). The DOE also required producers to certify to customers in writing the amount of oil they purchased in each category, prohibited producers from collecting administrative fees or "surcharges" for certification, and instructed them to continue their long-standing practice of reimbursing refiners for transportation payments made to third parties. *See* 10 C.F.R. §§ 212.73, 212.74, and 212.131. All producers of domestic crude oil, including federal agencies, were subject to these Mandatory Pricing Regulations. *Mohawk Petroleum Corp. v. Department of Navy*, 521 F.2d 1394, 1395 (Temp.Emer.Ct.Apps.1975). Lunday-Thagard complains that the DOI willfully failed to certify, either in timely fashion or in proper form, the oil it sold the Company after May 1976. This supposedly entitles the Company to treat all of that oil as "old crude," notwithstanding the Company's failure to allege that any portion was unqualified for the price category billed by the DOI. Lunday-Thagard calculates that it was "overcharged" nearly $6.08 million for that old crude, and $.11 million for administrative fees, "surcharges" and transportation charges. It now, as we note above, seeks to recover both its money and treble damages.

## C. Analysis

We decide this motion upon the DOI's argument that Lunday-Thagard's suit has prescribed by the passing of one year. Neither the EPAA nor the ESA contains a statute of limitation, so the federal courts must apply the most analogous state limitation consistent with national energy policy to crude-oil overcharge actions. *Johnson Oil Co. Inc. v. U.S. Dept. of Energy*, 690 F.2d 191, 196 (Temp.Emer.Ct. Apps.1982) ("TECA"). The DOI characterizes this action as one for EPAA pricing violations rather than breach of contract, thus seeking to make the one-year prescription of Louisiana Civil Code Article 3536, which applies to actions "resulting from offenses and quasi offenses," the applicable state limitation. The DOI seeks support in *Johnson, supra,* where the counterclaimant sought to recover crude oil overcharges on contracts requiring it to pay "the highest legal price," to wit, the maximum price permitted under the EPAA. TECA held that the "dominant claim" was for "violation of the pricing regulations," because "the elements necessary to prove a violation of the pricing regulations for overcharging must be proved to establish a breach of the parties' contract for exceeding the 'highest legal price'." 690 F.2d at 196. TECA then applied Wyoming's two-year limitation for "a liability created by federal statute" instead of its ten-year contract limitation.

Lunday-Thagard characterizes this case as a pure contract action, thus seeking to make the ten-year prescription of Article 3544, which applies to "all personal actions, except those before enumerated," the applicable limitation. At the very least, the Company would have us follow the bifurcated approach of *Ashland Oil Co. of Cal. v. Union Oil Co. of Cal.*, 567 F.2d 984 (TECA 1982). In *Ashland,* TECA applied California's one-year limitation for "[a]n action upon a statute for a penalty or forfeiture" to plaintiff's claim seeking treble damages for intentional overcharges. But in its next breath, TECA applied the state's three-year limitation to plaintiff's claim for

reimbursement of the overcharges. TECA reasoned that given "the complexity of the [DOE's] price regulations and the difficulty of determining compliance therewith," endorsing one-year limitations for actual damage claims would eviscerate the ESA's private action provision. 567 F.2d. at 991.

*Johnson's* holding that in an overcharge action, the predominant claim is for EPAA pricing violations, prevents us from characterizing this action as a purely contractual one. The limitations available under Louisiana law, the one-year and ten-year prescriptions, also foreclose our use of *Ashland's* bifurcated approach, because *Johnson* also held (at least implicitly) that ten-year limitations are "inconsistent with national energy policy seeking to wind up regulation of the oil industry—'temporary' *ab initio.*" 690 F.2d at 197. Had Lunday-Thagard alleged substantial difficulties in detecting DOI pricing violations, we might have preferred, however unpleasant the choice, to offend national energy policy by applying the ten-year prescription to the Company's reimbursement claim than to eviscerate section 210 of the ESA by endorsing the one-year prescription. But in the absence of such allegations, we are forced to apply Article 3536's one-year prescription to Lunday-Thagard's entire suit. Accordingly, we GRANT the DOI's Motion to Dismiss the Complaint.

## RULING ON MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Lunday-Thagard Company's ("Lunday-Thagard" or the "Company") Motion for Reconsideration of our December 6th Ruling that its crude-oil overcharge action, brought under the private action provision of the Emergency Petroleum Allocation Act, has prescribed by the passing of the Louisiana Civil Code's one-year prescription period, Article 3536. We rejected Lunday-Thagard's call for application of Article 3544 because the Temporary Emergency Court of Appeals ("TECA") has held (at least implicitly) that ten-year limitations are "inconsistent with national energy poli-

cy seeking to wind up regulation of the oil industry—'temporary' *ab initio.*" *Johnson Oil Co. Inc. v. U.S. Dept. of Energy,* 690 F.2d 191, 196 (TECA 1982).

Now Lunday-Thagard would have us adopt the six-year limitation of 28 U.S.C. § 2401(a), for "civil action[s] commenced against the United States" which do not sound in tort, even though it conceded before our Ruling that *Johnson, supra,* and *Ashland Oil Co. of Cal. v. Union Oil Co. of Cal.,* 567 F.2d 984 (TECA 1977), "clearly indicate the inapplicability of 28 U.S.C. § 2401(a) ..., since they state unequivocally that no federal limitation period applies." Plaintiff's Brief in Opposition to Motion to Dismiss, at 36, n. 28. Ironically, the Company now reveres *Ashland, supra,* for its supposed holding that we can apply the most analogous state limitation to an overcharge action "only in the absence of a statutory limitation provided by Congress." Memorandum in Support of Motion for Reconsideration, at 5. Then it cites our recent Ruling in *Geyen v. Marsh* for the proposition that section 2401(a) is "jurisdictional" and thus its application mandatory, *see* 587 F.Supp. 539 (W.D.La.1984), and quotes *Glenrock Refinery, Inc. v. United States Department of the Interior,* holding that section 2401(a) is "definitive ... even though a shorter state or federal provision would apply to identical proceedings involving individual parties." No. C84–0264–B, Slip op. at 6 (D.Wyo. Dec. 5, 1984). Finally, Lunday-Thagard argues that our reliance upon *Johnson* is misplaced, because the defendants there were private parties and thus without the reach of section 2401(a).

As to *Johnson,* TECA's affirmation of national energy policy transcends the facts of that case. And neither *Ashland* nor *Geyen* addresses the issue before us: whether the courts can apply a general federal limitation that is wholly inconsistent with national policy. *Ashland* merely reaffirms the basic precept of interstitial lawmaking, that "[g]enerally in the absence of a statutory limitation provided by Congress, a federal court will apply the

most analogous state [rather than the most analogous federal] law of limitations." 567 F.2d at 989. And in *Geyen, supra,* we held only that plaintiff's exhausting administrative remedies cannot toll section 2401(a).

Finally, we disagree with the court in *Glenrock Refinery, supra,* that section 2401(a) is "definitive." We cannot apply it to overcharge actions, no matter how dispositive we might find it in other contexts, because it is just as anathematic to our national goal of deregulating the oil industry as the ten-year limitation rejected in *Johnson.*

Accordingly, we DENY Lunday-Thagard's Motion for Reconsideration.